## SUPREME COURT.

### YATES agt. BLODGETT.

Where a summons and complaint are served on a defendant he can not take advantage of an irregularity in the *summons*, that it does not name the *court* in which the action is brought, where the *complaint* contains such information.

Where an attorney, residing and practising in another State, receives money upon demands left with him for collection in that State, which he omits or refuses to pay over, he is liable to *arrest here*, in an action brought to recover such money

*Albany Special Term, February*, 1853. *Motion to set aside summons, and also an order of arrest.* The complaint alleges that in December, 1847, the plaintiff employed the defendant, as an attorney at law, and who was in fact such attorney, to collect a note against one Higby ; that in April, 1849, the defendant received the amount of the note, but instead of pay- ing it over to the plaintiff, after deducting his charges, the defendant had appropriated the money so collected to his own use. The plaintiff claimed judgment for the amount collected, with interest. The complaint was verified by the usual affida- vit, made by the plaintiff.

The defendant, in support of the motion, made his affidavit, in which he states that, since 1844, he has not been a practising attorney of this State ; that he did not receive the note as an attorney of this State, nor had he collected it as such attorney ; that at the time he received the money he resided in Wiscon- sin, and the money was received by him in that State.

The defendant also moved to set aside the summons on the ground that it does not state in what court the action is prose- cuted.

W. D. WHITE, *for Plaintiff.*

J. K. PORTER, *for Defendant.*

HARRIS, J.—By the Code of 1848, it was required that a copy of the complaint should be served with the summons. The complaint was required to specify the name of the court,

and the county of the venue.  It was not deemed necessary that the same thing should be repeated in the summons.  Hence in prescribing the requisites of a summons, nothing is said about the court or the venue.  Code of 1848, sections 107, 109, 120.

By the amendment of 1849, it was declared that a copy of the complaint need not be served with the summons, but, in such case, it was required that the summons should state where the complaint would be filed.  Then, if the summons contained nothing more than what was prescribed, the defendant, if he would know *in what court he had been sued,* might be obliged to demand a copy of the complaint.  If he did this within the time limited, the plaintiff was bound to serve him with such copy, and in that he would learn the name of the court, and the place of trial.  This was, undoubtedly, the mode of proceeding intended by the framers of the Code, and the Legislature who adopted the amendments.

But in Walker agt. Hubbard, (4 *Howard Pr. R.* 154,) a summons was set aside on the mere ground that it did not name the court in which the suit was brought; and that too, although a complaint had been subsequently served, in which it was conceded, the court was sufficiently named.  " It seems reasonable," said the learned judge by whom the motion was heard, " as well as analogous to all former practice, that the defendant should know in what court he is sued."  With undissembled respect for the learned judge, I must be allowed to say that the decision was scarcely warranted by the case.  I agree that the defendant " should know in what court he is sued."  For this the Legislature had provided.  If he could not find out it was his own fault.  It was hardly allowable to add another item to the requisites of a summons, because the judge preferred, what he deemed a better mode of proceeding.

Following the decision in Walker agt. Hubbard, my brother PARKER, in James agt. Kirkpatrick, (5 *Howard Pr. R.*, 241,) set aside a judgment upon default, because *no court* was mentioned in the summons.  " The defendant," he says, " had no knowledge whether he was sued in this court, or in the county

court, or Mayors' court." In answer to this suggestion it is enough to say, that the Legislature have not required such information to be conveyed to the defendant by means of the summons. If he had felt *curious* to know where he was sued, all he had to do was, to demand a copy of the complaint, and then he would be apprised before the plaintiff could proceed against him, in what court the suit was brought, and where the plaintiff proposed to try his action.

In Dix agt. Palmer, (5 *Howard Pr. R.*, 233,) Mr. Justice GRIDLEY also felt inclined to follow the decision in Walker agt. Hubbard. He was only prevented by a notice of appearance which had waived the irregularity. The allusion in that case to the *paternity* of the form of summons was not entirely just. It is true it had been prepared by the Commissioners, but it was in connexion with the Code of 1848, and, if the form had been *rendered inappropriate by the* amendments of 1849, it was no fault of the Commissioners. *Fiat justitia.* I am still of opinion that the form of summons which has thus been condemned is all that the provisions of the Code, or the necessity of the case requires. But assuming that by these decisions a new requisite has been added, there can be no reason for extending its application beyond a summons served without a complaint. A defendant certainly should not be heard to complain that he is not informed as to the court in which he is sued, when he has in his hands a document in which that information is distinctly given.

The money for which this action is brought was received by the defendant as an attorney, and in the course of his employment as such attorney. The action is founded, not so much upon a breach of contract, as the violation of professional duty. The defendant's counsel insists that though this be so, yet as the defendant was an attorney of another State, this court should not take cognizance of the relation in which he stood to the plaintiff. But I do not understand that the law under which the arrest was made, is to be thus restricted in its application. The obvious intention of the Legislature was, that any attorney, whether of this, or any other State, who should withhold from

NEW-YORK PRACTICE REPORTS.    281

his client money received by him in his official capacity, should in an action brought to recover such money, be liable to arrest. The motion must, therefore, be denied with costs.