## SUPREME COURT.

### VAN NAMEE agt. PEOBLE.

By the 142d section of the Code it is required that the *title* of the cause shall be stated in the complaint. This title is composed of—the name of the court—the place of trial—and the names of the parties. Where the "name of the court" was omitted in the complaint, it was *held*, that the defendant was not prejudiced, it appearing that it was specified in the *summons*.

Where the plaintiff, by several allegations mingled together in one statement in his complaint, claimed to recover the amount of *three* promissory notes, *held*—that each note contained in itself a complete cause of action; consequently, several causes of action were improperly united. But the objection must be taken by *demurrer*—not by motion to set aside the complaint.

So, also, the objection that such causes of action are not "plainly numbered," can only be taken advantage of by demurrer; because they are not so sepa-rated that a demurrer will not lie.

*Ulster Special Term*, *Nov.*, 1853. Motion to set aside com-plaint for irregularity. The action was commenced by the ser-vice of a summons and complaint. The summons was entitled in the supreme court, but in the complaint the name of the court was omitted. The complaint sets forth three promissory notes, of different dates and amounts, made by the defendant, and payable to the order of the plaintiff. It then alleges that the notes had become due and that they remained unpaid, and

Van Namee agt. Peoble.

claims judgment for the amount of the three notes, principal and interest.

The defendant moved to set aside the complaint upon the grounds,

1. That the title of the cause, as set forth in the complaint, did not specify the name of the court in which the action was brought.

2. That the complaint contained more than one distinct cause of action, and that the causes of action were not separately stated.

3. That the causes of action were not numbered, as required by the 87th rule.

THOMAS SMITH, *for Plaintiff*.
M. SCHOONMAKER, *for Defendant*.

HARRIS, Justice. It is required by the first subdivision of the 142d section of the Code, that the title of the cause shall be stated in the complaint. This title is composed of three ingredients; the name of the court, the place of trial, and the names of the parties. It is obvious that this complaint is defective in the first particular. The court in which the action is brought is not specified. But it is equally obvious that the defendant could not be misled, or in any way prejudiced by the omission. The name of the court was specified in the summons, and endorsed on the back of the complaint. Upon the trial, the court must be furnished with a copy of the summons, as well as the pleadings, and the summons, as well as the complaint, is to be inserted in the judgment roll. (*Code*, §§ 259, 281.) The record, therefore, would always show in what court the action had been prosecuted. No substantial right of the defendant can be affected by the defect, and, in such a case, the court is required by the 176th section of the Code to disregard it. See Yates agt. Blodgett, (8 *How*. 278.) It may well be, that where, as in Ward agt. Stringham, (1 *Code R*. 118,) no court is named either in the summons or the complaint, it should be held, as it was held in that case, that no suit had been commenced in any court. But that case is clearly distin-

guishable from this.   Here, the defendant was apprised, by the process served upon him, in what court he was sued.   He served a notice of retainer, entitled in that court.   He comes to that court with his application to set aside the complaint, thus admitting that the action is pending there.   Under these circumstances, the objection that the court is not named in the title of the complaint ought not to prevail.

The complaint contains three distinct causes of action.   The plaintiff claims to recover the amount of three promissory notes.   Each note, of couse, contains in itself a complete cause of action.   Under the former practice it must have been stated in a separate count.   The plaintiff has mingled these three causes of action together, as though they constituted but a single cause of action.   This would have furnished a good ground of demurrer.   See Getty agt. The Hudson River Railroad Co., (8 *How*. 177.)   But it did not justify a motion to set aside the, complaint.   Though demurrible, for the reason that several causes of action are improperly united, the objection would be waived, if not taken by demurrer.   *See Code,* § 148. The remark of Mr. Justice SELDEN, in Benedict agt. Seymour, (6 *How*. 298,) that if a plaintiff fails properly to distinguish between several causes of action united in the same complaint, every allegation which is not essential to a single cause of action may be stricken out, as redundant, cannot, I think, be sustained.   Such allegations cannot be regarded as *redundant,* in any proper sense of the term.   In the case now in hand, the allegation of the making and delivery of either one of the notes is as material as the making and delivery of the others. The mode in which the allegations are made is objectionable ; but if the objection be not taken in the manner prescribed by the Code, it is waived, and the plaintiff must prevail upon each cause of action contained in his complaint, unless successfully defended upon the merits.   The motion, therefore, cannot prevail upon the ground that the several causes of action stated in the complaint are not properly separated.

Nor is the remaining ground upon which the defendant relies available upon this motion.   The 87th rule of this court, in ad-

NEW-YORK PRACTICE REPORTS. **201**

dition to the requirement of the 167th section of the Code, that causes of action, when united, should be separately stated, requires that such causes of action shall be "*plainly numbered.*" The mode of enforcing this requirement is not prescribed; but, assuming that it may properly be done by a motion to strike out, or set aside the pleading, as irregular, such motion can only be made in a case where the pleader has so separated his causes of action that a demurrer would not lie. This is not such a case. The complaint in fact contains several causes of action; but they are stated as though they, together, constituted but a single cause of action.

The objection must be taken by demurrer, or it will be deemed to have been waived. The 87th rule has no application to such a case. The motion must, therefore, be denied; but I think it should be without costs, and that the plaintiff should be at liberty to amend his complaint.