## SUPREME COURT.

### FRANCIS P. OSBORN agt. A. T. McCLOSKEY and M. McCLOSKEY.

*Summons — what it must contain — Code of Civil Procedure, section 417.*

The provisions of section 417 of the Code of Civil Procedure as to what the summons must contain are *mandatory*.

Where a summons is served in an action in the supreme court without naming the county where the plaintiff desires the trial to be had it will be set aside, on motion, as irregular and void.

*Special Term, July,* 1878.

THIS was an action brought to recover the sum of $201.87 on a promissory note by the above-named plaintiff against the defendants.

The summons entitled as above was accompanied with the usual notice that on default to appear or answer, a judgment would be entered against them for the above amount, with interest from July 15, 1877.

The summons and notice were served on one Anna T. McCloskey at Bath Park, Long Island, on July 1, 1878, and an order was obtained in her behalf to set aside the summons on the ground that as it was an action brought in the supreme court and the plaintiff had not named any county wherein he desired the trial of the action the summons was irregular. The appearance indorsed on the papers being restricted to the motion only. The motion came on to be heard before Hon. CHARLES DANIELS at special term, in the city and county of New York, on the 26th day of July, 1878.

VOL. LV        44

Osborn agt. McCloskey.

*E. M. Neville*, for the motion, raised the objection that the summons was irregular and void, in that it did not contain the name of the county where the plaintiff desired the trial of the action as required by section 417 of the Code of Civil Procedure, it being an action in the supreme court, and that the words of that section are mandatory and that the omission was a jurisdictional defect and could not be cured by an amendment under section 723, Code of Civil Procedure; and although under section 128 of the Code of Procedure the requisite of the summons are set forth in seemingly permissive words, yet under the liberal system of amendments provided for by the one hundred and seventy-third section of that Code a summons could only be amended by leave of the court (*See Wait's Code*, 325 [*edition* 1871], *and cases there collated*).

*Coudert Brothers*, in opposition to the motion, claimed that the summons was regular and that the defect could be cured by amendment, and asked leave to amend by inserting the county.

DANIELS, J., sustained the view of the counsel for the motion, holding the words of the section to be mandatory, and set aside the summons.