## SUPREME COURT.

NANCY WIGGINS *et al.* agt. WILLIAM L. RICHMOND *et al.*

*Summons — the omission to put in the post-office address of plaintiffs' attorney &c., not a jurisdictional defect, but may be cured by amendment — Code of Civil Procedure, section 417.*

In an action to foreclose a mortgage where the summons was accompanied by a notice of no personal claim, which was served upon the defendant H., whose name appeared in the *notice*, but not in the *summons;* the summons also failed to specify the office, post-office address or street number of the plaintiffs' attorney, and no reference thereto was made in the *notice:*

*Held,* that the words of section 417 of the Code of Civil Procedure were not mandatory, and that the omission was not a jurisdictional defect, but could be cured by amendment (*This is adverse to Osborn* agt. *McCloskey,* 55 *How.,* 345).

*Herkimer Special Term, June,* 1879.

THIS was an action brought to foreclose a mortgage by the above-named plaintiffs and others against the defendants.

The summons, entitled as above, was accompanied by a notice of no personal claim, which was served upon the defendant, James M. Higby, whose name appeared in the *notice,* but not in the *summons.* The summons also failed to specify the office, post-office address or street number of the plaintiffs' attorney, and no reference thereto was made in the *notice.*

Defendant, James M. Higby, moved to set aside summons as irregular, the appearance indorsed on the papers being restricted to the motion only.

The motion came on to be heard before hon. JOSEPH MULLIN, at special term, in the village and county of Herkimer, on the 28th day of May, 1879.

*Oswald P. Backus,* for motion, raised the objection that the summons was irregular and void, in that it did not con-

tain defendant, James M. Higby's name, nor did not specify the office, post-office address and street number of the plaintiffs' attorney, as required by section 417, Code Civil Procedure, nor did the notice annexed specify the office address of plaintiffs' attorney as required by Rule 2 of the supreme court; that the words of section 417 of the Code are mandatory, and that the omission was a jurisdictional defect and could not be cured by an amendment under section 723 of the Code of Civil Procedure, and cited *Osborn* agt. *McCloskey* (55 *How. Pr. Rep.*, 345).

*John F. Wilson*, in opposition to motion, claimed that the summons was regular and that the defect could be cured by amendment, and asked leave to amend.

MULLIN, *J.*, held that the words of section 417 are not mandatory, and allowed plaintiffs to serve amended papers within twenty days.