## THOMAS L. DAWSON v. GEORGE LAIL.

CAUSES OF ACTION, STATEMENT OF.—In an action on several bills of exchange, all bearing the same date, payable to the same party, due at the same time, the better practice is for the complaint to contain a separate statement on each bill. If, however, the complaint contains but a single statement, an order overruling a demurrer thereto will not be disturbed.

COSTS OF PROTEST OF INLAND BILL.—The allowance of costs for the protest of inland bills of exchange is not reviewable on appeal, when no motion to retax costs was made in the lower court.

APPEAL from a judgment of the district court of the third judicial district, county of Yavapai, entered in favor of the plaintiff. The opinion states the facts.

*F. P. Dann,* for the appellant.

*W. I. McPheters,* for the respondent.

By Court, PINNEY, J.:

This was an action brought on five several bills of exchange executed by the appellant, all bearing the same date, and all due and payable at the same time, and all made payable to the respondent or his order, and each for the same amount.

The complaint states but one cause of action. A demurrer was interposed on the ground that more than one cause of action being declared upon, the complaint should separately state the same. The demurrer was overruled, an answer filed, the cause tried, and judgment entered in favor of respondent.

It is claimed that the court below erred in overruling the demurrer. Counsel insist that where a complaint sets up more than one cause of action, each count must contain all

the facts necessary to constitute a cause of action. Section 64 of chapter 48, compiled laws, provides that the plaintiff may unite several causes of action in the same complaint, when they all arise out of contracts, express or implied, etc., when the causes of action so united shall all belong to one class, affect the same parties, tried at the same place, and be separately stated.

It is claimed that several bills of exchange are several causes of action and should be separately stated. In *Van Namee* v. *Peoble*, 9 How. Pr. 198, it is held that each promissory note is a distinct and complete cause of action in itself, and must be stated in a separate count.

The complaint in that case set forth three promissory notes of different dates and amounts, and while we are of the opinion that the better practice would be to make a separate statement on each note or bill, still, in a case like the one at bar—where the bills all bear the same date, and are made payable to the same party, and at the same time—we do not feel inclined to disturb the judgment, because a separate statement is not made.

A protest of each of the bills was made by the respondent, for which costs were allowed in the sum of twelve dollars and fifty cents, and it is urged that no protest of an inland bill of exchange is necessary unless prescribed by local law. Conceding this to be the law, there was no motion made in the court below to retax costs, and that question can not be raised for the first time in this court.

Judgment affirmed.

SHELDON, J., concurred.