Pitshke, J.
Even presuming the non-addition of the ¡address to the attorney’s own subscription on the pleading .or appearance (Code, § 421) is amendable (Wiggins v. Richmond, 58 How. Pr. 376; Evans v. Backer, 101 N. Y. 289; but see Osborn v. McClaskey, 55 How. Pr. 345; Kelly v. Sheehan, 76 N. Y. 325), still on morning of February 21, no valid answer existed in the cause, and nothing was then in the way of the plaintiff as regards entering judgment.*
*211 Only by letting twenty-four hours pass without returning the paper served would this right to enter judgment be waived. Plaintiff committed no such waiver herein, and the judgment is therefore regularly taken. Motion must be wholly denied, with costs, except that defendant’s default will be opened (their proposed answer being before me) and a proper answer allowed to be served herein, on payment of taxed costs in judgment, and $10 motion costs. Judgment and levy to stand as security.
Ordered accordingly.

 In De Witt v. Simons, 5 Weekly Dig. 307 (N. Y. City Ct., Sp. T., 1877), under a similar neglect to comply with the rule of court as to folioing, it was held that an unfolioed answer was good, unless returned within twenty-four hours after its service, and a judgment as for want of an- answer, entered after service of such answer, and before its return, is irregular.