(24 Misc. Rep. 513.)

THOMSON v. TILDEN.

(Supreme Court, Special Term, New York County.    September, 1898.)

ATTACHMENT—VACATION—DEFECTIVE SUMMONS.
    Failure to state in the summons the county where plaintiff desired the trial, as required by Code Civ. Proc. § 417, is not a jurisdictional defect, but at most an irregularity which may be corrected on motion; and hence it would not justify vacating an attachment, where it was issued when the warrant was signed, and no motion to set the summons aside was unconditionally granted.

Attachment by Albert E. Thomson against Marmaduke Tilden. Defendant moves to vacate the attachment.    Motion denied.

Frederick S. Woodruff, for the motion.
Edmund Luis Mooney, opposed.

BEEKMAN, J.    The omission from the summons of the place where the trial is desired to be had is not a jurisdictional defect, but at most an irregularity which may be corrected on motion.    I

do not think that such a defect affords a sufficient ground to vacate the attachment which has been granted.    By section 636 of the Code of Civil Procedure it is provided that, to entitle the plaintiff to a warrant of attachment, he must show by affidavit, to the satisfaction of the justice granting the same, that he has a cause of action against the defendant of a specified kind, and that the facts exist which sanction an attachment in one of the cases prescribed by the section.    There is no claim that the plaintiff has not complied with the law in this regard.    Section 638 of the Code provides that the warrant may be granted to accompany the summons, or at any time after the commencement of the action, and before final judgment therein.    Doubtless, it should be made to appear that a summons has been issued when the warrant is signed.    That was done here, and, if it was not a nullity, it was sufficient to give the justice jurisdiction to grant the warrant, even though it was irregular in form, or defective in some other particular not fatal to its existence.    The case of Gribbon v. Freel, 93 N. Y. 93, may be referred to by way of illustration.    As I have already stated, the defect complained of does not render the summons in this action void, although it might be set aside on motion as irregular.    As long as it stands, it is sufficient to support a judgment against the defendant rendered upon his default after its service upon him.    The warrant should not, therefore, be vacated.    The defendant, I think, should have moved to set the summons aside; and, if that motion had been unconditionally granted, the attachment would have fallen with it. The plaintiff asks on this motion for leave to amend the summons by supplying the defect complained of.    This I am willing to grant, but on condition that he pay $10 costs of motion.    The motion to vacate the attachment is denied.

Motion denied.