HULL v. CANANDAIGUA ELECTRIC LIGHT & R. CO. et al.

(Supreme Court, Appellate Division, Fourth Department.  November 20, 1900.)

PROCESS—OMISSION OF ATTORNEY'S NAME—VACATING JUDGMENT.

Where the copy of a summons served on a defendant is attached to a copy of the complaint, which has indorsed on it the plaintiff's attorney's name and address, the omission of plaintiff's attorney's name on the copy of the summons is merely an irregularity, which will not authorize the vacation of a judgment against the defendant, who abstained from appearing because of such omission.

Appeal from special term, Ontario county.

Action by George S. Hull, as trustee for the third mortgage bondholders of the Canandaigua Electric Light & Railroad Company, against the Canandaigua Electric Light & Railroad Company and others. From an order denying the motion of Walter D. Wilcox to vacate a judgment of foreclosure, defendants appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

L. B. Williams, for appellants.

H. C. Mandeville, for respondent.

SPRING, J.  This action was brought on the 30th day of May, 1899, to foreclose a mortgage. The two defendants Wilcox were judgment creditors of the defendant the Canandaigua Electric Light & Railroad Company, and the mortgage foreclosed was given during the pendency of the action which culminated in the judgment in their favor. The copy summons served on the defendant Walter D. Wilcox did not contain the name of the attorney who commenced the action of foreclosure. The office and post-office address were correctly stated, but, in copying, the name of the attorney was inadvertently omitted. The original summons was properly subscribed by the attorney for the plaintiff, and this, with the complaint, was duly filed; and the proper notice of the pendency of the action, with the attorney's name subscribed thereto, was duly filed and recorded. The copy summons served on said Wilcox was attached to a copy of the complaint, which had indorsed upon it the name and post-office address of the attorney for the plaintiff. The defendants Wilcox, who were father and son, were together when the service was made upon each of them. The summons served upon De Forest A. contained the name of the plaintiff's attorney, and these defendants compared the two summonses, the omission was noted, and Walter promptly called the attention of his attorneys and several others to the defect, and obviously refrained from appearing in the action in order that, when the opportune time came, he might take advantage of this oversight. The father and son were jointly interested in the claim which is represented by their judgment. The father appeared, and answered in the action, and, after a trial upon the merits, was defeated. The attorney who appeared for the father had been consulted by the son, and early in the proceedings knew of the omission in the summons. He sought a postponement of the trial to a succeeding term, and informed the at-

torney for the plaintiff that no summons had been served upon Wal-ter D. Wilcox, but that he would obtain authority to appear for him in case an adjournment was granted, which request was not fully acceded to. It is proper to add, however, that the defendant's attorney had no purpose to deceive in this representation, but he had forgotten in what the defect consisted. After a trial, decision was rendered in favor of the plaintiff upon the merits, and a judg-ment of sale entered, and a referee to sell appointed, and it was not until then that the defendant made this motion. The plaintiff was not informed of the error until the motion papers were served.

There is no real merit in this application. The defenses of the father and son were identical. Their interests were joint, and a fair trial has been had upon the issues raised by the father. The only question, therefore, is whether the omission of the name of the at-torney for the plaintiff upon the copy of the summons served was a mere irregularity, or rendered the process void. If the omission did not vitiate the summons in toto, the application can be considered on its merits; otherwise not. As Alderson, in his work on Judicial Writs and Process, puts it at section 72, p. 128:

"We submit as the true and broad rule governing the subject that defects in a writ that do not render it void are amendable, and that imperfections that so affect the writ as to entirely destroy its validity are not susceptible of amendment. In brief, process that is voidable only is amendable, but void process is not."

In Osborn v. McCloskey, 55 How. Prac. 345, the summons failed to state the county in which the plaintiff desired the trial, and Mr. Justice Daniels, without an opinion, held that the Code provision (section 417) was mandatory, and set aside the summons. Later, Wallace v. Dimmick, 24 Hun, 635, was decided by the general term of the First department, and the same justice wrote the opinion of the court. The same defect existed as in the case before referred to. The court did not, in terms, overrule the preceding case, but held the omission was an irregularity, and subject to amendment, which, in effect, is in contravention of the doctrine that the defect renders the process a nullity. In Wiggins v. Richmond, 58 How. Prac. 376, the summons omitted to specify the office, post-office ad-dress, or street number of the plaintiff's attorney, and the notice of no personal claim accompanying the summons contained no refer-ence thereto. The court held that section 417 of the Code of Civil Procedure was not mandatory, and that the summons was amend-able. In Thompson v. Tilden, 24 Misc. Rep. 513, 58 N. Y. Supp. 920, it was held that the omission from the summons of the name of the county in which the trial was desired was not a fundamental error, but an irregularity. See, also, Yates v. Blodgett, 8 How. Prac. 278. In Gribbon v. Freel, 93 N. Y. 93, a summons issued out of the marine court of the city of New York stated the time in which the defendant was required to answer at six days, instead of ten, as provided in subdivision 2, § 3165, Code Civ. Proc. The court of appeals held this was an irregularity merely, saying at page 96:

"But the summons was not an absolute nullity. The insertion of six days instead of ten was an irregularity merely. The defect could have been waived

by the general appearance of the defendant, or consent, express or implied. A judgment entered by default after the service of such a summons would not have been absolutely void, but simply irregular or erroneous, to be corrected by motion or by appeal."

The obvious aim of the Code provision permitting amendments "in furtherance of justice" (Code Civ. Proc. § 723) is to relegate this authority to the courts as to every process or pleading. Section 721 enumerates a great variety of defects, covering nearly every conceivable case, which are cured by a verdict or decision. Section 722, after providing for an amendment in each of these specified defects, adds, "And any other of like nature, not being against the right and justice of the matter, * * * must be supplied and the proceeding amended;" and a further enlargement of the power of the court is given in the succeeding section. The trend of the authorities, aside from the case cited, is to give full scope to these sections, and to treat every defect in the summons or pleading as an irregularity, and hence subject to control and correction by the courts. Clapp v. Graves, 26 N. Y. 418; Sears v. Sears, 9 Civ. Proc. R. 432; McCoun v. Railroad Co., 50 N. Y. 176. The summons is the notice required to bring the defendant into court. Whatever information he could have gathered from the process in the present case he was apprised of by the indorsement on the complaint, which was annexed to the summons. Together they made a substantial compliance with the Code requirement, so that the defendant was not misled by the omission in the summons, and that is the test in the determination of a question of this character. Van Namee v. Peoble, 9 How. Prac. 198; Furnace Co. v. Shepherd, 2 Hill, 413; Loring v. Binney, 38 Hun, 152–156; Van Wyck v. Hardy, 4 Abb. Dec. 496; Austin v. Insurance Co., 108 Mass. 338. The authorities are collated and discussed in Alder. Jud. Writs, c. 16. No injury has been done to the defendant in this case. He abstained from appearing with full knowledge, and because of the omission in the summons served. He kept quiet, and allowed the defense he might have interposed to be fought out by his father. Eleven months after the service of the summons, and after his father had met defeat upon the merits, he made this motion, based, not upon any surprise or misunderstanding, but solely upon the ground that no summons in fact had been served upon him. I think the court at special term possessed a discretion, and has exercised it most wisely.

The order is affirmed, with $10 costs and disbursements. All concur, except ADAMS, P. J., not voting.