FRANK M. GOULD, Plaintiff, *v.* WILLIAM H. MEYER, Defendant.

City Court of New York, ———, 1927.

Process — summons — failure to state name of county — action in City Court of City of New York — default by defendant — ex parte motion by plaintiff granted, amending summons, directing clerk to tax costs and enter judgment — defect in summons is question of venue and not of jurisdiction.

In an action in the City Court of the City of New York, the failure of the plaintiff to state in the summons the name of the county in which the action is brought, presents a question of venue and not of jurisdiction.

Where, in such an action, the defendant fails to appear, answer or serve a notice of motion addressed to the sufficiency of the summons with notice, the plaintiff is entitled to an *ex parte* order amending the summons so as to state the name of the county in which the action was brought and directing the clerk to tax plaintiff's costs and enter judgment.

MOTION by plaintiff for *ex parte* order amending summons so as to state name of county in which action was brought and to direct clerk of court to tax plaintiff's costs and enter judgment by default.

*Taylor, Knowles & Hack* [*C. F. Kingsley* of counsel], for the motion.

FINELITE, J. The said defendant failed to appear, answer or serve a notice of motion addressed to the sufficiency of the summons with notice. After the expiration of six days from the date on which the summons was served the plaintiff requested the clerk of the court to enter judgment and the said clerk refused to do so because the summons did not state the county in which the action was brought. Plaintiff thereupon made application for the signing of an *ex parte* order amending the summons so as to state the name of the county in which the action is brought and directing the clerk of the court to tax plaintiff's costs and enter judgment by default. The failure of the plaintiff to state in the summons the name of the county in which the action is brought does not affect the jurisdiction of this court. The action instituted herein is one for the recovery of money only and the notice annexed to the summons demands judgment for a sum not exceeding $3,000 and interest. The action, therefore, is within the provisions of section 16 of the New York City Court Act of 1926 and this court has jurisdiction. The failure to state the county in which the action is brought is, therefore, a question of venue and not of jurisdiction. Section 36 of that act provides in part as follows: "The rules of civil practice shall govern the practice in this court so far as they are applicable thereto, unless specific provision to the contrary is set forth in this act or in the rules of practice from time to time established for the city court of the city of New York as authorized by this section." The failure to state the name of the county in which the action is brought will be treated by this court in the same manner as a similar defect would have been treated in an action in the Supreme Court. Rule 45 of the Rules of Civil Practice (formerly section 417 of the Code of Civil Procedure) provides: "The summons must state the court in which the action is brought, the name of the parties, and, if in the supreme court, the county which the plaintiff designates as the place of trial." Section 109 of the Civil Practice Act (formerly section 721 of the Code) declares that a judgment of a court of record shall not "be impaired or affected, by reason of either of the following imperfections, omissions, defects, matters or things, in the process, pleadings or other proceedings; 2. For any fault or defect in process * * *." Section 105 of the Civil Practice Act (see section 723 of the Code) provides as follows: "At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or,

if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded." In *Wiggins* v. *Richmond* (58 How. Pr. 376) the summons omitted to specify the office, post office address or street number of the plaintiffs' attorney and the notice accompanying the summons contained no reference thereto. The court held that section 417 of the Code was not mandatory and that the summons was amendable. In *Gribbon* v. *Freel* (93 N. Y. 93) a summons issued out of the Marine Court of the City of New York stated the time in which the defendant was required to answer as six days instead of ten, as provided in section 3165 of the Code. The Court of Appeals held this was an irregularity merely, saying (at p. 96): " A judgment entered by default after the service of such a summons would not have been absolutely void, but simply irregular or erroneous, to be corrected by motion or by appeal." The obvious aim of section 105 of the Civil Practice Act, which provides that mistakes, omissions, irregularities or defects must be disregarded if no substantial right of any party is thereby prejudiced, is to regulate such authority to amend to the courts as to every process or pleading. The trend of the authorities, aside from the cases cited, is to give full effect to these beneficent provisions and to treat every defect in the summons or pleading as an irregularity, and hence subject to control and correction by the courts. (*Clapp* v. *Graves*, 26 N. Y. 418; *Sears* v. *Sears*, 9 Civ. Pro. 432; *McCoun* v. *N. Y. C. & H. R. R. R. Co.*, 50 N. Y. 176; *Hull* v. *Canandaigua Electric Light Co.*, 55 App. Div. 419.) In *Stuyvesant* v. *Weil* (167 N. Y. 421) there was personal service of the summons upon the defendant, but the defendant's name as given in the summons was incorrect. The defendant did not appear or answer. The summons was corrected by an *ex parte* order which inserted the true name of the defendant therein. The question before the Court of Appeals was as to whether the mistake in the original summons was a jurisdictional defect. The court held that it was not and said: " The object of the summons is to apprise the party defendant that the plaintiff therein seeks a judgment against him so that he may take such steps as may seem advisable to protect his interests, and in order to assure its coming to his attention the statute requires personal service of the summons to be made when it is possible to do so. It may happen, as in this case, that the defendant's name is not correctly stated in the summons, and in such case it is the duty of the court, when properly moved, to determine whether, notwithstanding the error, the defendant was fairly apprised whether he was the party the action was intended to affect, and if the answer of the court be in the affirmative, its

determination must be that the court acquire jurisdiction.   In our
judgment the facts disclosed by this record permit only one answer
to the question, Was Mary J. Stockton fairly apprised by the
summons and complaint served upon her that the object of the
action was to foreclose a mortgage upon the premises owned by
her? viz., that she was.   That being so, it follows that it was the
duty of the court, when applied to, to hold that jurisdiction had
been acquired and thereupon to grant such amendments in further-
ance of justice as the statute authorized.   That is precisely the
course of procedure taken in the foreclosure action.   After the
summons had been personally served upon Mrs. Stockton more
than twenty days the fact that there was an error in her given
name, as it appeared in the summons, and of what that error con-
sisted was brought to the attention of the court, which thereupon
decided to amend the summons and complaint so that the defend-
ant's name should correctly appear in every paper entitled in the
action.   The decision expressed necessarily involved a decision not
expressed, but nevertheless made, that the court had acquired
jurisdiction of the defendant in the action, and hence it follows
that the court could and should have made the order amending
the summons and complaint so as to state defendant's given name
properly.   The decision was correctly made, and it follows neces-
sarily that the purchaser at the foreclosure sale acquired a
marketable title." " The court in which the action is brought
must be designated, but an inaccuracy which does not mislead or
prejudice will be disregarded." (32 Cyc. 431.)   In *Osborn* v.
*McCloskey* (55 How. Pr. 345) the summons failed to state the
county in which the plaintiff desired the trial, and Mr. Justice
DANIELS, without an opinion, held that the Code provision (in
§ 417) was mandatory, and set aside the summons.   Later, *Wallace*
v. *Dimmick* (24 Hun, 635) was decided by the General Term, and
the same justice wrote the opinion of the court.   The same defect
existed as in the case before referred to.   The court did not in
terms overrule the preceding case, but held that the omission was
an irregularity and subject to amendment, which, in effect, is in
contravention of the doctrine that the defect renders the process
a nullity.   In *Thomson* v. *Tilden* (24 Misc. 513) it was held that
the omission from the summons of the name of the county in which
the trial was desired was not a fundamental error, but an irregularity.
In *Holman* v. *Goslin* (63 App. Div. 204) the court said: " Prior
to the 11th day of June, 1901, the decisions upon this subject
were quite inharmonious, and it was by no means clear that the
defendant was not entitled to the relief for which he asks.   The
Court of Appeals, however, on the last-named date, in the case of

170  NEW WAY BLDG. CO., INC., v. TAFT BLDG. CORP.  NOS. 1 & 2.

Supreme Court, March, 1927.                            [Vol. 129

*Stuyvesant* v. *Weil* (167 N. Y. 421), settled the question by holding that the object of the summons is to apprise the party defendant that the plaintiff in the action seeks judgment against him, and when it fairly appears that he is apprised of the fact that he is the party intended to be served, the court acquires jurisdiction to render judgment in the action. In such a case defects are amendable, and the court may grant the same *ex parte*." The application is granted and the clerk is directed to enter judgment in favor of plaintiff and also directed to tax costs of the action. Order signed.