Herman Von Keller, Appellant, *v.* Herman Schulting et al., Respondents.

S. sold to H. & A. S. & Co. a stock of goods. It was agreed verbally that S. should have a one-third interest in the proceeds of sale in excess of $275,000. This interest he offered to sell for $20,000 to K., who agreed to purchase. No money was paid by K., and no evidence of the interest of S. was received by him. The only memoranda made in writing were contained in two letters, both directed and delivered to H. & A. S. & Co.; one, signed by K., directing that firm to credit S. with $20,000 and charge the same to him, and stating that in consideration thereof S. would authorize them to transfer to his (K.'s) credit all the interest of S. in the proceeds; the other, signed by S., directing them to transfer all his interest to K., in accordance with K.'s letter (which was inclosed), and, in consideration thereof, directing them to credit his account $20,000 to the debit of K. H. & A. S. & Co. were not indebted to K., and had no property or securities of his in their hands. They had agreed to loan him the money and credit it to S.; of this it did not appear S. had any knowledge. One of the firm verbally acknowledged the receipt of the letters, and stated the assent of his firm to the agreement. H. & A. S. & Co. were the bankers of S., which was known to K. They did not credit S. with the $20,000. Two days after the letters were written, S. repudiated the arrangement, and demanded back the papers. Some days subsequently, by contract in writing, H. & A. S. & Co. agreed to pay to S. one-third of the proceeds of sale over $275,-000. Nothing was ever done by K. or H. & A. S. & Co. toward paying S. for his interest. The goods were subsequently sold, and the interest of S. ascertained to be over $100,000.

In an action by K. to recover this interest,—*Held,* that the only legal evidence of the agreement between S. & K. was that embodied in the letters; that neither the prior negotiations between them, nor the arrangement between K. and H. & A. S. & Co., could be resorted to, to modify or explain these letters.

Also *held* (Rapallo, J., dissenting), that the signing and delivery of the letters did not transfer the interest of S., if any existed at the time; that the giving him credit in his account upon the books of the firm for the $20,000 was a condition precedent to such transfer, and no such credit having been given, it was not transferred. But, further, that S. had no interest or valid claim against H. & A. S. & Co. at the time the letters were written, and that he was not estopped from raising the question, inasmuch as K. never advanced anything or incurred any liability upon the faith that there was such an interest.

(Argued June 14, 1872; decided November 12, 1872.)

APPEAL from order of the General Term of the Supreme Court in the first judicial deparment, reversing a judgment in favor of plaintiff entered upon the report of a referee, and granting a new trial.

On the 4th day of August, 1868, the defendant, Herman Schulting, was the owner of a stock of goods, and on that day sold the same to the firm of H. & A. Stursberg & Co. for the sum of $225,000. At the same time it was verbally agreed between them that Schulting should have one-third of the profits which might be realized from the sale thereof, after deducting therefrom the sum of $275,000.

On the 8th of August, 1868, the defendant, Schulting, in consideration of the sum of $20,000 being placed to his credit in the house of H. & A. Stursberg & Co., agreed to transfer to the plaintiff all his share and interest in the profits to be realized out of the sale of the whole stock which Messrs. Stursberg & Co. had bought of him. Nothing was paid down, and no evidence of the interest of Schulting was received by the plaintiff. The written evidence of the contract consists of two letters, in these words:

"NEW YORK, *August* 8th, 1868.
"Messrs. H. & A. STURSBERG & Co.:
"GENTLEMEN.—Please give Herman Schulting credit for the sum of twenty thousand dollars ($20,000), U. S. C., and charge the same to me.

"In consideration of the above, Mr. Herman Schulting will authorize you to transfer to my credit all his share and interest in the profits which may be realized upon the whole stock which you bought of him under the date of 4th inst.
"Yours, very respectfully,
"HERMAN VON KELLER."

"NEW YORK, *August 8th*, 1868.
"Messrs. H. & A. STURSBERG & Co.:
"GENTLEMEN.—In accordance with the enclosed letter of Mr. Herman Von Keller, you will please transfer to his credit

all my share and interest in the profits to be realized out of the sale of the whole stock which you bought of me under the date of the 4th inst.

"In consideration of the above transfer you will please credit to my account the sum of ($20,000) twenty thousand dollars, U. S. C., to the debit of Mr. Von Keller.

"Yours, very respectfully,

"H. SCHULTING."

The said papers were executed about three o'clock in the afternoon of the 8th of August, which was Saturday.

Immediately after they were signed, both were sent by Schulting to the Stursbergs. Herman Stursberg afterward verbally acknowledged the receipt thereof to the plaintiff, and verbally stated the assent of his firm to the agreement, and the papers were deposited in the safe of the Stursbergs.

The Stursbergs did not owe plaintiff any money when the papers were signed, nor did he place any property or securities belonging to him in their possession.

Nor did he offer or tender them said $20,000 in money, or any securities for the same.

Herman Stursberg, before the making of the agreement and the signing of the papers by Von Keller and Schulting, verbally promised that his firm would lend the plaintiff the sum of $20,000 to make such purchase, and would credit, or deposit it to the credit of Schulting in case the purchase was completed and the writing signed, and would hold the plaintiff debtor to them for such credit or deposit. Said firm were Schulting's bankers, and he kept an account with them as such. They, however, did not advance the money to plaintiff or Schulting, and did not credit the latter with the $20,000.

On Monday, August 10th, Schulting demanded of the Messrs. Stursberg & Co. the two letters which constituted the agreement between him and the plaintiff, refusing to abide by such agreement. On the 18th August, Schulting and H. and A. Stursberg & Co. entered into a written agreement, by

which among other things the latter agreed to account and pay to the former one-third of all the profits realized upon the sale of the goods over the sum of $275,000.

The stock of goods realized $576,981.86.

The plaintiff never tendered the $20,000 in money to Schulting, nor has he ever paid the same. He demanded of the Stursbergs an account of the sale of said goods and their proceeds, and the payment to him of one-third of such proceeds over and above $275,000, which was refused.

The referee's conclusions of law were as follows:

1. That by the letter or writings of the 8th of August, 1868, the defendant, Schulting, made to the plaintiff an absolute assignment of all his interest in the fund in question.

2. That upon the execution and delivery of such letter or writings, the plaintiff became and has since continued to be the owner of one-third of the net proceeds over $275,000 of the goods conveyed by Schulting to the Stursbergs, and since sold by them for $576,981.86.

3. That the plaintiff is entitled to an accounting from the defendants, Stursberg, and the account having been stated and agreed upon, is entitled to payment of the sum of $100,660.62, one-third of the excess of said $576,981.86 over $275,000.

4. That judgment be entered accordingly in favor of the plaintiff, directing the defendants, Hermann, Albert and Robert Stursberg to pay to him the sum of $100,660.62.

And that no costs be recovered by either party to this action out of the fund or against any other party.

Judgment was entered accordingly.

*W. W. Macfarland* for the appellant. The court can look into the evidence for the purpose of construing the findings. (*Spencer* v. *Ballou*, 18 N. Y., 333.) It was not necessary that the engagement of the Stursbergs, to give the credit to Schulting, should be in writing. (*Chapin* v. *Merrill*, 4 Wend., 657; *Mallory* v. *Gillett*, 21 N. Y., 412.) In the case of ascertained chattels tangible, it is the contract of sale that trans-

fers the title, not the delivery of possession. (2 Kent's Com., 492; Chitty on Cont., 393, 394; *Olyphant* v. *Baker*, 5 Denio, 382; Long on Sales, 42; Brown on Sales, 713; *Dixon* v. *Yates*, 2 Nev. & M., 202; *Simmons* v. *Swift*, 5 B. & Cr., 862; *Farling* v. *Baxter*, 5 id., 362; *Elliot* v. *Pybus*, 4 M. & S., 389; *Bloxam* v. *Sanders*, 4 B. & Cr., 941; *Withers* v. *Ludys*, 4 Camp., 237; *Wilmshurst* v. *Bowker*, 2 M. & Granger, 882; Pothier on Sales, 308, 309; 2 Ross Lea. Ca., 481; Code Napoleon, art. 1583; Code of Louisiana, art. 2431.) If actual possession of the thing sold is retained by the seller, he has a lien or special property in the thing, in the nature of the special property of a pledgee, but nothing more. (*Page* v. *Cowasjee Eduljee*, 1 E. L. P., Privy Council Appls., 144, 145; Chitty on Contr., 394 *et seq.*; *Martindale* v. *Smith*, 1 Ad. & E., 389; Benjamin on Sales, 218, 219, 563, 584, 594, 624, 660.) Notice to the debtor is not necessary for the purpose of transferring title to a debt to an assignee. (2 Ross Leading Cases, 578; *Muir* v. *Schenck & Robinson*, 3 Hill, 228; *Richardson* v. *Ainsworth*, 20 How. Pr., 530.) The latter fixed the money as soon as shown the Stursbergs. (*Yeales* v. *Groves*, 1 Vesey, 281.) Their acceptance was not required to be in writing. (*Pilham* v. *Van Mierop*, 3 Bur., 1669; *Barney* v. *Worthington*, 37 N. Y., 115; *Barley* v. *Johnson*, 9 Cowen, 117.) If a credit to Schulting was requisite, its not being done was caused by his attempted repudiation of the contract, and this excuses from strict compliance. (*Williams* v. *The Bank of the United States*, 2 Peters, 101; Comyn's Dig., Title Condition, L. 6; Ccke Littleton, 206, *a*; Bacon's Abridgment, Title Condition, Q.; Viner's Abridgment, Title Condition, G.; Chitty on Contracts, 811; *Shaw* v. *Hurd*, 3 Bib., 372; *Marshall* v. *Craig*, 1 id., 379; *Borden* v. *Borden*, 5 Mass., 69; *Whitney* v. *Spencer*, 4 Cowen, 39; *Alston* v. *Herring*, 11 Exch., 830; Benjamin on Sales, 422, 423; *Smith* v. *Lewis*, 24 Conn., 624; S. C., 26 id., 110; *Hotham* v. *East India Bank*, 1 Term Reports, 638; Domat, §§ 193, 196, 220; 1 Evans' Pothier, 207, 208; *Mustin* v. *Gladstone*, 6 Q. B., 693.) This court

can modify judgment and deduct the $20,000. (*Chrysler* v. *Renois*, 43 N. Y., 215; *Warfield* v. *Craig*, 4 Keyes, 464; *Casler* v. *Shipman*, 35 N. Y., 533; *Michigan* v. *Phœnix Bank*, 33 N. Y., 29.)

*C. Bainbridge Smith* for the respondent, Schulting. The two letters of August 8th did not constitute a sale of the property in question. (Chitty on Contracts, 749 [645]; Parsons' Mer. Law, 43, and note; *Mires* v. *Solebay*, 2 Mod., 242; Long on Sales, 187, 188; *Payne* v. *Shadbolt*, 1 Camp., 427; *Copland* v. *Bosquet*, 4 Wash. [C. C. R.], 588; *Kountz* v. *Hart*, 17 Ind., 329; 2 Pars. on Con., 38, 40; Story on Con., § 16; Pars. on Sales, § 246.) Conditions may be implied where none are expressed. (2 Pars. on Con., 1st ed., 38, 40; *Tipton* v. *Feitner*, 20 N. Y. R., 423; *Grant* v. *Johnson*, 5 id., 247; *Parmelee* v. *The Oswego and S. R. R. Co.*, 6 id., 74; *Selden* v. *Pringle*, 17 Barb., 458; Story on Sales, § 253.) Where a sale of merchandise has taken place and the delivery is conditional, the purchaser acquires no right to the property if the condition is not performed. (*Haggerty* v. *Palmer*, 6 John. C. R., 437; *Keeler* v. *Field*, 1 Paige R., 312; *Russell* v. *Minor*, 22 Wend., 659; *Downer* v. *Thompson*, 2 Hill, 137; *Levon* v. *Smith*, 1 Den., 571; *Jessop* v. *Miller*, 1 Keyes, 321; *Fries* v. *Rider*, 24 N. Y., 367; *Ballard* v. *Burgett*, 40 id., 314.) So long as any act remains to be done by the seller or buyer before the delivery, the property does not pass. (*Downer* v. *Thompson*, 2 Hill, 137; *Joyce* v. *Adams*, 8 N. Y., 291; *McDonald* v. *Hewitt*, 15 J., 349; *Olyphant* v. *Baker*, 5 Den., 379; *Chapman* v. *Potter*, 1 Hilt., 366.) The performance of a condition precedent must be averred and proved. (*Dunham* v. *Pettee*, 8 N. Y., 508; *Lester* v. *Jewett*, 1 Kern., 453; *Tipton* v. *Feitner*, 20 N. Y., 423; *Payne* v *Lansing*, 2 Wend., 525; *Johnson* v. *Wygant*, 11 id., 48; *Kelly* v. *Upton*, 5 Duer, 336; *Oakley* v. *Morton*, 1 Kern., 25; *Garvey* v. *Fowler*, 4 Sand., 665; *Clark* v. *Crandall*, 27 Barb., 73; *Holmes* v. *Holmes*, 5 Seld., 525; *Smith* v. *Brown*, 17 Barb., 431; *Hatch* v. *Peet*, 23 id., 575; *Crandall* v. *Clark*, 7 id., 169; *Baldwin* v. *Munn*,

2 Wend., 399; Code of Proc., § 162; *Hutchings* v. *McNutt*, 1 Ham., 16; *Fries* v. *Rider*, 24 N. Y., 367; *Woodruff* v. *Water P. Co.*, 2 Stock., 487; *Richardson* v. *Ford*, 14 Ill., 332.) The $20,000 not being placed to Schulting's credit, there was a total failure of consideration. (*Sherman* v. *White*, How. Ap. Cases, 69; *Archer* v. *Zeh*, 5 Hill, 200; *Brabine* v. *Hyde*, 30 N. Y., 265; *Martin* v. *Allen*, 3 Keyes, 493.)

*D. Pratt* for the respondents, H. Stursberg *et al.* It was not competent to prove verbal arrangements changing the terms of the writings. (*Van Nostrander* v. *Reed*, 1 Wend., 424; *Erwin* v. *Sanders*, 1 Cow., 249; *Wolfe* v. *Myers*, 3 Sand., 7; *Worrell* v. *Mumm*, 5 N. Y., 229; *Scoville* v. *Griffith*, 12 id., 509; *Dargin* v. *Ireland*, 14 id., 322.) On sale of goods for cash vendor can reclaim after delivery in case of nonpayment. (*Palmer* v. *Hand*, 3 J. R., 435; *Haggerty* v. *Palmer*, 6 J. Ch. R., 437; *Keeler* v. *Feele*, 1 Paige, 412; *Russell* v. *Menor*, 22 Wend., 659; *Downer* v. *Thompson*, 2 Hill, 137; *Levon* v. *Smith*, 1 Denio, 571; *Jessop* v. *Miller*, 1 Keyes, 221; *Pearson* v. *Hoag*, 47 Barb., 243; *Kelley* v. *Upton*, 5 Denio, 336; *Fleeman* v. *McKean*, 25 Barb., 474; *Whitcomb* v. *Hungerford*, 42 id., 177; *Morris* v. *Rexford*, 18 N. Y., 552.) The performance of a condition precedent must be averred and proved. (*Dunham* v. *Petler*, 8 N. Y., 509; *Lester* v. *Jennett*, 11 id., 453; *Tipton* v. *Futner*, 20 id., 423.) An order must be absolute, of and for a sufficient consideration to transfer a fund in the hands of another. (*Norton* v. *Naylor*, 1 Hill, 82; *Hoyt* v. *Story*, 3 Barb., 262.) An actual entry of the credit on the books of the Stursbergs was necessary. (*Clark* v. *Tucker*, 2 Sand., 157; *Ely* v. *Ormsby*, 12 Barb., 670, appealed in Court of Appeals; *Artcher* v. *Leh*, 5 Hill, 200; *Brobin* v. *Hyde*, 30 Barb., 265; *Walker* v. *Hersey*, 16 Mees. & Wels., 301.)

Grover, J. The large amount involved in this action, the difference as to the law applicable to the facts found between the learned referee and the General Term of the Supreme

Court, and the fact that the judgment of this court will be the final determination of the rights of the parties, impose upon the court the duty of a careful examination of all the questions properly presented for review here. The exceptions taken to the legal conclusions drawn by the referee from the facts found, present the question whether, assuming the truth of all such facts, the plaintiff was legally entitled to recover anything against the defendants or either of them. The alleged purchase by the plaintiff, of the defendant Schulting, of his right to one-third of the money arising upon the sale of a large stock of goods, shortly before transferred by Schulting to the Stursbergs, over and above $275,000, lies at the foundation of the action. If the plaintiff had legally acquired the right to this money, he was entitled to a judgment. If he did not acquire this right, judgment should have been given by the referee dismissing the complaint as to all the defendants.

Section 32, R. S., 136, provides that every contract for the sale of any goods, chattels or things in action, for the price of fifty dollars or more, shall be void, unless, first, a note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged thereby, or, second, unless the buyer shall accept and receive part of such goods or the evidences, or some of them, of such things in action, or, third, unless the buyer shall at the time pay some part of the purchase-money. The contract in question must, to be valid, have been made in conformity with this statute. Schulting's right to the money was a thing in action within its meaning. The price was $20,000. Nothing was paid at the time by the plaintiff Schulting. The plaintiff did not at the time accept or receive from Schulting any of the evidences of the thing in action. This shows that the finding by the referee, that on the 8th of August, Schulting verbally offered to sell the said interest to the plaintiff for $20,000, and that the plaintiff verbally accepted such offer, and what the plaintiff said to Schulting about having the money at once, and the reply of Schulting thereto, must be

regarded as wholly immaterial.   These facts did not consti-
tute a valid bargain for the sale of the right to the money, nor
was it competent to consider them to aid the construction of
the papers at that time executed by them.   The papers so
executed, are the only competent evidence of the contract.
These papers were letters signed the one by the plaintiff, and
the other by Schulting, and each addressed to H. & A. Sturs-
berg & Co.   The one signed by the plaintiff was as follows :
" Gentlemen, please give Herman Schulting credit for the sum
of ($20,000) twenty thousand dollars, U. S. C., and charge
the same to me.   In consideration of the above, Mr. Herman
Schulting will authorize you to transfer to my credit all his
share and interest in the profits upon the whole stock which
you bought under the date of the 4th inst."   That signed by
the defendant was as follows: " Gentlemen, in accordance
with the inclosed letter of Herman Von Keller, you will
please to transfer to his credit all my share and interest in
the profits to be realized out of the sale of the whole stock
which you bought of me under the date of the 4th inst.   In
consideration of the above transfer, you will please credit
my account with the sum of ($20,000) twenty thousand dol-
lars, U. S. C., to the debit of Mr. Von Keller."   These letters
were dated the 8th of August, 1868, and were at the time of
their execution (Saturday afternoon) inclosed in an envelope,
addressed to the Messrs. Stursberg and forwarded to that firm.
The referee further finds that the Stursbergs were aware that
the plaintiff was negotiating with Schulting for the purchase of
this interest in the proceeds of said property, and before the
papers were signed the same were shown and their contents
known to Herman Stursberg, one of the partners of the firm,
and he approved thereof.   That the defendant, Herman
Stursberg, at the same time, and before the making of the
agreement and signing of the papers by Von Keller and
Schulting, verbally promised that the said firm would lend
the plaintiff the sum of $20,000 to make such purchase, or
would credit or deposit to the credit of Schulting said $20,000
in case the purchase was completed and the writings signed,

and would hold the plaintiff debtor to them for such credit or deposit.    There was no finding that Schulting knew anything about these latter facts or evidence given tending to show that he had any such knowledge.    They were not, therefore, extrinsic facts, within the knowledge of the parties, at the time of signing the letters; and even if susceptible of furnishing any aid in their construction, cannot be resorted to for that purpose.    The referee further finds that the letters were signed about three o'clock in the afternoon of Saturday, and were immediately after sent by Schulting to the Stursbergs, who received the same and placed them in their safe, and that Herman Stursberg afterward verbally acknowledged the receipt thereof to the plaintiff, and verbally stated the assent of his firm to the agreement.    The referee further found that the Stursbergs did not owe the plaintiff anything when the papers were signed, nor did he place any property or securities belonging to him in their hands.    That he never paid them anything, or offered so to do, or gave them any security. That the Stursbergs did not advance the money to the plaintiff or to Schulting, and did not credit Schulting with $20,000 on their books, or do anything in respect to the advance or credit after the interview hereinafter stated.    That at an early hour on Monday morning, the 10th of August (the morning after the execution of the letters), the plaintiff and Herman Stursberg went to the store where the goods were to look them over and consult about the sale, and that Schulting met them there and immediately demanded the return of his papers executed by him, saying that his wife was not satisfied, and that she said he was insane when he signed them.    After this, nothing was done by the plaintiff or the Stursbergs toward paying Schulting for the goods, nor was he ever paid anything, nor did the Stursbergs ever give him any credit therefor.

From these facts the referee found as conclusions of law that by the letters of the 8th of August, 1868, the defendant Schulting made to the plaintiff an absolute assignment of all his interest in the fund in question.    That upon

the execution and delivery of such letters, the plaintiff became and has since continued to be the owner of one-third of the net proceeds, over $275,000 of the goods sold by Schulting to the Stursbergs, and since sold by them for $576,981.86, and orders judgment for the plaintiff for $100,660.62, without making any provision whatever for the payment of the $20,000 to Schulting. The legal conclusions of the referee, it will be seen, are based entirely upon the effect of the letters of the 8th of August. This entirely repels the assumption that he found any additional facts in support thereof, which is sometimes made when the case contains proof which would authorize such findings to sustain the judgment. The real question in the case is, whether the signing and delivery of the letters transferred to the plaintiff this fund or whether something else was to be done. I think the letters did not, and were not intended to, accomplish any such result, certainly not by Schulting. The plaintiff's letter directs the Stursbergs to credit Schulting $20,000 and charge the same to him, in consideration of which Schulting would authorize them to transfer the fund to him, etc. This admits of no other construction than that the authority to transfer to be given by Schulting was a condition precedent to giving the credit and making the charge. No one can claim that there would have been any validity to the credit and charge in the absence of such authority. It is not material to inquire whether the authority to transfer being given and the credit and charge made on the books, an assignment of the claim executed by the Stursbergs to the plaintiff was not necessary to transfer the legal title, as it is clear the equitable title would have passed. The construction of the letter of the defendant is, if possible, still more clear. That authorizes a credit of the fund by the Stursbergs to the plaintiff. In consideration of the above transfer they were to credit his account with $20,000 and charge the same to the plaintiff. This can only mean that upon the condition that the Stursbergs credited his account with $20,000 and charged the same to the plaintiff in such a way that the production and proof of the books would furnish complete evi-

dence in his favor of their liability to him. To that extent they might transfer the claim, but not otherwise. Could there be a possible doubt of the meaning as to what was to be done, it is removed by the other evidence in the case. From that it appears that the Stursbergs were the bankers of Schulting and that he kept an account with them as such, and that this was known to the plaintiff. It was this account that was to receive the credit, as the condition precedent to the transfer, and the referee erred in holding otherwise. But it is said that H. Stursberg promised before the letters were executed to lend the money or make the credit. This was a promise entirely without consideration, and therefore void; but had it been valid, it would not have been a performance of the condition. A verbal promise was not what Schulting required. That was a credit actually entered in his banking account that would prove his right to the money whenever he called for it. But it is said the entry was but a mere form. The same with equal force might be said had Schulting required a note to be given. That would be no better evidence of his right than an actual entry to his credit upon the books. Either would be far better than a mere verbal assent, even if such assent was binding when proved. From the evidence in the case, I should infer that Schulting would have had but a poor prospect of proving that H. Stursberg ever even promised before the letters were written to give the credit or assented to it verbally afterward, had the goods upon sale have produced no excess over the $275,000. Schulting himself knew nothing of this. It seems to have been known only to H. Stursberg and the plaintiff. But it is said that Schulting himself prevented the credit being given, and he cannot take advantage of his own wrong. The answer to this is that no such fact is found, and there is no evidence to warrant the assumption of any such finding by this court, even if such assumption was not repelled by the legal conclusion of the referee. Then under the advice of his wife he threatened to institute proceedings to set aside the sale to Stursberg, on the ground of his insanity, a sale by which, as

the uncontroverted evidence shows, they acquired to a stock of goods which were sold at auction for upward of $570,000 for $225,000; and when his wife interfered in this negotiation, to satisfy her, H. Stursberg verbally promised to give him or to her one-third of the proceeds, over $275,000, which it appears Schulting refused to take, and when the contract was thereafter reduced to writing this provision was omitted. This threat and settlement of this controversy by a new agreement, in which the provision was inserted, in no way prevented the plaintiff placing in the hands of the Stursbergs $20,000 to the credit of Schulting. It may have changed the purpose of Stursberg in regard to lending plaintiff the money, but there is not a particle of evidence that Schulting ever knew of any such purpose. The letters would have led him to suppose that the plaintiff had money in Stursberg's hands which was by the credit and debit to be transferred to him. The General Term rightly reversed the judgment for the legal error of the referee as to the effect of the letters. It is equally clear that the referee erred in finding the fact that Schulting had any valid claim against the Stursbergs for the fund at the time the letters were written. Upon the supposition that Schulting was competent to make a valid contract at the time it was reduced to writing, he had no such claim. The verbal promise made during the negotiation was merged in the writing. There was no estoppel for the reason that the plaintiff never advanced anything or incurred any liability upon the faith that there was any such interest.

The order of the General Term must be affirmed and judgment absolute against plaintiff.

All concur except RAPALLO, J., who is for reversal of order and affirmance of judgment on report of referee, deducting $20,000.

Order affirmed and judgment absolute against plaintiff, with costs.