[File No. 6927]

## JAMES RIVER NATIONAL BANK, Appellant, v. ADOLPH HAAS, Respondent.

(15 NW(2d) 442, 154 ALR 1005)

Opinion filed August 17, 1944

*Knauf & Knauf,* for appellant.

376

*Rittgers & Hjellum,* for respondent.

BURR, J. On December 10, 1943, the plaintiff issued a summons as follows:

" 'State of North Dakota,   In County Court
County of Stutsman, ss.

The James River National Bank,
                    Plaintiff,
    vs.                                    Summons.
Adolph Haas,        Defendant.

" 'THE STATE OF NORTH DAKOTA TO THE ABOVE
                    NAMED DEFENDANT:

" 'You are hereby summoned to answer the complaint in this action which is hereto attached and herewith served upon you, and to serve a copy of your answer upon the subscribers hereof within thirty days after the service of this summons upon you, exclusive of the day of service, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated December 10th, 1943.

> *Knauf & Knauf*
> Attorneys for Plaintiff,
> Office and Postoffice Address:
> 124 First Street East,
> Jamestown, North Dakota.' "

The complaint that was attached thereto is entitled:

| "State of North Dakota, | "In District Court, |
|---|---|
| County of Stutsman, ss | Fourth Judicial District. |

| The James River National Bank, | Plaintiff, |
|---|---|
| vs. | |
| Adolph Haas, | Defendant." |

The action is one to recover on a promissory note for $2321.55 with annual interest at seven per cent, executed and delivered by the defendant to the plaintiff September 16, 1936, due September 1, 1937. The complaint alleges the note remains unpaid except for a payment of $137.64 made on December 18, 1937.

Such summons and complaint were served upon the defendant on December 11, 1943. December 21, 1943, defendant made a special appearance in the county court, objecting to the jurisdiction of the court in the action and served notice of this special appearance upon the plaintiff. Thereupon the plaintiff moved the district court of Stutsman County for an order to show cause why it should not be permitted to amend the summons to show the action was pending in the district court instead of the county court, basing its application upon the pleading served, the affidavit of John Knauf, one of the counsel for the plaintiff, and the affidavit of Anna Clark, his stenographer and typist. These affidavits show the intent to commence the action in the district court, that the complaint was correctly prepared and entitled in the district court and that after the complaint had been thus prepared it was delivered to the typist who at that time was working on documents entitled "In the County Court" and inadvertently typed the summons to show "In County Court" instead of "In District Court, Fourth Judicial District"; that this error was committed by mistake and inadvertence, and contrary to the order of plaintiff and his counsel. The

typist, in her affidavit, says the phrase, "In County Court" was typed by her because she had been immediately therebefore "printing documents and papers for and in the County Court—and inadvertently and through error entitled the summons—in the County Court instead of in the District Court."

The district court issued the order to show cause, setting the hearing for January 17, 1944. The defendant made a special appearance "for the sole purpose of objecting to the jurisdiction of the court over his person," basing this objection upon the following grounds:

" '1. That the above named District Court has no jurisdiction over this defendant.

" '2. That no action is pending by which either the above named court or the County Court of Stutsman County has ever acquired jurisdiction over this defendant. Consequently the District Court cannot bring to life as of a previous date a jurisdiction which never existed.

" '3. No summons in the above entitled purported action has ever been served upon this answering defendant.

" '4. There is no procedure provided by law by which a suit commenced in the County Court can be transferred to the District Court.

" '5. The proposed amendment is not an amendment as defined by law; but is a procedure which, if allowed, would be an arbitrary assumption of jurisdiction by the District Court without the issuance or service of a summons, and would amount to a denial of due process of law.

" '6. In the pretended action in County Court referred to in Plaintiff's motion and in said order to show cause, defendant has served an objection to the jurisdiction of the Court, and said action is pending in said County Court for the sole purpose of considering the motion to quash the service of the summons therein because of lack of jurisdiction of said County Court.' "

The allegations in these supporting affidavits are not controverted—either in the record or on argument—and we accept them as true. Plaintiff had no intention of commencing his action in County Court.

On the hearing of the motion the district court ruled it had no jurisdiction to issue the order to show cause, that it had no power or authority to permit the amendment desired, and therefore it denied the mo-

tion. Judgment was entered upon this order dismissing the case and from the order and judgment of dismissal plaintiff appeals.

Much is said about the jurisdiction of the district court. It is the district court that has sole original jurisdiction of such an action as this, not the county court. The district court had the judicial power to inquire into its jurisdiction over the parties, and to this end it issued its order to show cause. As we said in Christenson v. Grandy, 46 ND 418, 426, 180 NW 18, 21, "It is difficult to lay down precise rules upon the subject of jurisdiction, by which every case can be clearly and certainly determined." Therein we quote this statement of Chief Justice Shaw: "To have jurisdiction is to have power to inquire into the facts and apply the law." Jurisdiction is the power to hear and determine the controversy involved; and to determine whether the summons was of such a character as to give the defendant the notice required by the statute.

"Every court has judicial power to hear and determine the question of its own jurisdiction, both as to parties and as to subject matter, and necessarily does so by proceeding in the cause." State ex rel. B. F. Goodrich Co. v. Trammell, 140 Fla 500, 501, 192 So 175, 177. See also Kaiser v. Kaiser, 178 Ga 355, 366, 173 SE 688, 694.

Much of the confusion in this case arises over the character of a summons. A summons, under our Code of Procedure, is not a process in the old sense of being a writ issued by the court. The summons is just what it implies. It is a notice in statutory form required to be given to the defendant by a plaintiff so the former may know where to meet the plaintiff in order to be present and defend himself against the claim. We termed it process or in the nature of process. Al G. Barnes Amusement Co. v. District Ct., 66 ND 727, 731, 268 NW 897, 899. See also First Nat. Bank v. Rusk, 64 Or 35, 39, 129 P 121, 122, 44 LRA(NS) 138.

Erdman v. Hardesty, 14 Colo App 395, 398, 60 P 360, 361, states: "A summons signed by an attorney is not a process, but a notice under the Code, or a proceeding, as perhaps it might be more accurately termed, whereby the person who is named as a defendant is brought into court to defend the action. . . . " See also Hammond-Chandler Lumber Co. v. Industrial Commission, 163 Wis 596, 158 NW 292,

where the court says: "A summons is not a process—it is a mere statutory notice."

There is nothing sacrosanct about a summons. A summons is not essential in every case. The defendant may waive it if he desires. The legislature prescribes its form and lays down its requisites as in §§ 7422 and 7421. It may change the form and vary the requisites as it sees fit, with proper regard to due process of law.

Section 7422 sets forth the form of summons in district court, as follows:

"The summons exclusive of the title of the action and the subscription must be substantially in the following form, the blanks being properly filled:

"The state of North Dakota to the above named defendant:

"You are hereby summoned to answer the complaint in this action and to serve a copy of your answer upon the subscriber within thirty days after the service of this summons upon you, exclusive of the day of service; and in case of your failure to appear or answer judgment will be taken against you by default for the relief demanded in the complaint."

It will be noted the summons in the case at bar includes all this prescribed form and sets forth the title of the action and the subscription by the counsel as required by statute. The form of the summons prescribed by § 7422 makes no reference to the name of the court and if the expression "In County Court" had been omitted, the summons issued would have shown a literal compliance with § 7422.

In § 89.44, Supp, the requisites of summons in county court are set forth as follows:

"The summons must contain the title of the action, specifying the court in which the action is brought, the name of the parties to the action, and shall be subscribed by the plaintiff or his attorney, who must add to his signature, his address, specifying a place within the state where there is a post office. The summons shall be substantially in the following form, the blanks being properly filled:

State of North Dakota,  ⎫
County of ....................... ⎬ ss
                          ⎭

### In County Court.

A. B. ................................................. Plaintiff,

vs.

C. D. ................................................. Defendant.

### Summons.

The State of North Dakota to the above named defendant:

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer upon the subscriber within twenty days after the service of this summons upon you, exclusive of the day of service, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

.......................................................
                                          Plaintiff.

.......................................................
                                          Post Office.

Dated ................................"

It will be noted that other than the requirement that the summons shall specify "the court in which the action is brought," this form of summons is identical with the form prescribed in § 7422, except that it gives but twenty days in which to answer the complaint.

Section 7421 of the Comp. Laws specifies the requisites of a summons in the district court as follows: "The summons must contain the title of the action, specifying the court in which the action is brought, the names of the parties to the action and the name of the county in which the plaintiff desires the trial, and shall be subscribed by the plaintiff or his attorney, who must add to his signature his address, specifying a place within the state where there is a post office."

In each of these requisites a mistake may occur. In the summons issued in this case, the defect relied upon by defendant is the error in specifying the court in which the action is brought. It will be noted that the form prescribed by the legislature in § 7422 does not contain all of the "requisites" set forth in § 7421.

The legislature by § 7482, Comp. Laws provides: "The court may, before or after judgment in furtherance of justice and on such terms as may be proper, amend *any pleading, process or proceeding* by adding or striking out the name of any party; or *by correcting a mistake . . . in any* other *respect; . . .* "

The provisions of this section date from the Code of Civil Procedure of 1877, and are taken verbatim therefrom. Code Civ Proc 1877, § 142. The Code of 1877 set forth the requisites of a summons. §§ 97 and 98. These are not quite as elaborate as those required by § 7421 of the Compiled Laws.

Thus, when this section was adopted and became a part of the law of the Territory and thereafter of this State, the legislature authorized the district court to permit amendments to the forms in any particular dealing with the requisites of summons and "on such terms as may be proper," provided that that amendment would be "in furtherance of justice."

Further, with reference to "requisites" of the summons, § 7423 provides that a copy of the complaint need not be served with the summons but in such case the summons *must contain* the statement that "the complaint is, or will be, filed with the clerk of the district court in the county in which action is commenced," and provides the procedure in case the defendant demands a copy of the complaint. This provision is as much a "requisite" of the summons as are those specified in § 7421.

From the very first, our Territorial and State legislatures intended the court should have broad powers in dealing with defects "in the pleadings or proceedings." Section 145 of the Code Civ Proc 1877, being § 7485 of the Comp. Laws, provides: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party; . . ." Again, § 3, Code Civ Proc 1877, being § 7321, Comp. Laws, specifies that "the provisions" of the Code of Civil Procedure "and all proceedings under it *are to be liberally construed* with a view to effect its object and to promote justice."

Thus, the provisions of §§ 7321, 7421, 7422, 7482, and 7485 of the Comp. Laws have equal legislative authority. One has no force su-

perior to the other. The courts are to be liberal in permitting amendments "to promote justice." If there be a mistake in the summons in any respect, the district court may, before judgment and in furtherance of justice and on such terms as may be proper, amend the summons by correcting this mistake.

The general rule is that such sections with reference to amendments should be construed liberally. See Mullins v. Webb, 25 Ohio App 352, 157 NE 815, 816, where the court holds that the power to correct "a mistake in any other respect" should be exercised liberally, quoting Austin v. Morris, 103 Ohio St 449, 134 NE 471.

This rule is stated in Wisconsin: "Courts should deal with the statute in a broad way so as best to promote the attainment of justice —not narrowly so as to minimize its scope to less than covered by its letter." Hammond-Chandler Lumber Company v. Industrial Commission, 163 Wis 596, 158 NW 292, supra.

The Supreme Court of Ohio states, in Irwin v. Bank of Bellefontaine, 6 Ohio St 81, 89, "The code authorizes an amendment when the mistake goes to the substance of the pleading or proceedings. It further authorizes an amendment of *a mistake in any respect*. Broader and more efficient language could hardly have been used to vest this power. The only limit seems to be to cases where an amendment would not be in furtherance of justice." This statement is quoted and approved in Austin v. Morris, 103 Ohio St 449, 134 NE 471, in construing the Ohio statute, § 11363, practically identical with our statute § 7482.

While the precise question involved here has never before been presented to this court, there have been numerous cases where the court was asked to amend the summons in some one of these requisites, particularly in the names of the parties.

That the district court has power to permit amendments of the summons is clearly set forth in Goldstein v. Peter Fox Sons Co. 22 ND 636, 135 NW 180, 40 LRA(NS) 556; Gans v. Beasley, 4 ND 140, 59 NW 714; Al G. Barnes Amusement Co. v. District Ct. 66 ND 727, 268 NW 897, supra. Such defects in "requisites" do not render the summons void—merely voidable.

If the court may correct a mistake in one of the requisites, it may

correct a mistake in the one which specifies the county in which the action is brought. One "requisite" has no greater mandate behind it than another. Section 7421, specifying the requisites, says the summons must specify "the court in which the action is brought," and also "the name of the county in which the plaintiff desires the trial." Invariably, a summons states the court in which the action is brought as was done in the complaint here, "In District Court Fourth Judicial District," but does not make an additional specification as the county where the trial is desired. The respondent argues strenuously that the omission of any one of these requisites renders the summons void and intimates each must be "specified" particularly. In the mind of the writer, if that position is to be maintained, then the failure to "specify" the county in which the plaintiff desires the trial would render the summons void. If a "mistake" in any one of these requisites would render the summons void, the power given to the court in § 7482 would be a mere illusion, according to the position of the respondent. Clearly, it was the intent of the legislature that if there should occur a mistake in any of the "requisites" of the summons, the district court has power to amend it, if in "furtherance of justice," and "on such terms as may be proper."

In Archibald v. Thompson, 2 Colo 388, the court states: "A writ that is amendable cannot be regarded as void, nor can it be attacked collaterally. It must still have its effect until annulled. If a contrary doctrine were to prevail, every erroneous writ might be drawn in question collaterally, for defects which ought to be, and can only be questioned directly by a revising power."

In the Al G. Barnes Case cited, after reviewing the provisions of §§ 7420–7423, and 7482 dealing with amendment and § 7485, which requires the court to disregard any error or defect that does not affect the substantial rights of the party, this court quoted with approval this statement from McCoun v. New York C. & H. R. R. Co. 50 NY 176, "A departure from the Code in any particular, in the progress of an action does not necessarily affect a substantial right. A strict and literal compliance with the statutory regulation is not necessarily of the substance of the remedy, or substantial in its character. Whatever is a question of practice is of the same character, whether it arises under a positive

statute, an express rule of the court, or the settled usages of the law of procedure. . . . Most of the provisions of the Code are modal and intended for the regulation of the formal procedure in the action, and are no more sacred than any other rules of practice. The Code recognizes this . . . by giving the largest liberty to the court in its discretion, either before or after judgment, to amend any pleading, process or proceeding by correcting a mistake in any respect. . . . If a literal adherence to the Code, and its forms and requirements had been deemed a substantive right and essential in every case, these two sections (similar to our §§ 7482 and 7485) would not have been enacted."

Such holding is no novelty in jurisprudence. The rule is the same in other states. In Relfe v. Valentine, 45 Ala 287, the clerk of the court in Lowndes County, Alabama, issued the summons requiring the defendant to appear in the circuit court of Montgomery, it being shown there was a Montgomery County also, and the court held the "judgment will not be reversed for such an irregularity, if there is a sufficient complaint" and held further the process was amendable.

Colorado states: "It is quite evident, under our very liberal Code provisions, that it (the summons) is a subject of amendment . . . the court is given full power and authority to amend or correct any pleading or proceeding. It may add or strike out a name, or correct a mistake in the name of a party, or a mistake in any other respect." Erdman v. Hardesty, 14 Colo App 395, 60 P 360, supra.

The Colorado code as far back as the "Code of Procedure in Civil Actions," set forth in the sessions laws of 1887, provided that "an action shall be commenced by the filing of a complaint . . . " or by "service of a summons." When the complaint is filed the clerk issues the summons. But the attorney for the plaintiff may also sign and issue the summons and in such case the complaint may be served with the summons or be filed within ten days after the summons is issued. Code of Civil Procedure, chap. 3, §§ 32–36. In this case cited the attorney for the plaintiff issued and signed the summons as is done under our code.

While this case deals with a mistake in the name of the party, it lays down the broad general principle that the court can correct any

error or mistake in the summons. If it may correct an error in the name of the party, it may correct an error in the name of the court. It will be noted, however, that in the Colorado case the defendant appeared specially and moved to quash the summons.

In Wallace v. Dimmick, 24 Hun(NY) 635, the summons failed to state the county in which the plaintiff desired the trial to be had as required, but the court held, "While the provision contained in the Code, declaring the form of the summons, was mandatory in its nature, it did not follow because of that circumstance, that it should have been absolutely set aside because of the defect relied upon in support of the motion. It was, on the other hand, one of those omissions which the court had the power to allow to be corrected."

In Sivaslian v. Akulian, 166 NYS 535, the summons "was entitled in the Supreme Court of Albany county" and the copy served on the defendant was "entitled in the county court." The court said the defendants were not misled or prejudiced thereby. The service of summons was not void but only voidable under § 426 (of the Code of Civil Procedure which provided that personal service could be made upon the defendant by delivering a copy thereof to him, which copy should be substantially correct, but not construed with the same strictness as the original) and under § 723 the Supreme Court could permit amendment of the copies to conform to the original.

In Hull v. Canandaigua Electric Light & R. Co. 55 App Div 419, 66 NY Supp 865, 867, the court says, "The summons is the notice required to bring the defendant into court. Whatever information he could have gathered from the process in the present case he was apprised of by the endorsement on the complaint. . . . They made a substantial compliance with the Code requirement, so that the defendant was not misled by the omission in the summons and that is the test. . . ."

In Walker v. Hubbard, 4 How Pr 154, the summons failed to state any court. Neither did the complaint except the title began "Sup. Court." Court held the title of the cause in the complaint sufficiently named the court and the writer of the opinion says,

"I have no doubt of the power of the court to amend the summons . . . in such a case. It is not analogous to a case where all reference

to the court is omitted in the complaint, in violation of the statute, especially where there are several courts having concurrent jurisdiction."

The plaintiff was permitted to amend the summons by "inserting the name of the court in which the defendant is required to appear."

Respondent urges that in these New York practice cases the requisites of a summons were prescribed by the rules of the court, not by the statute. If the court could allow such amendments under general rules of fairness, how much more so when the statute specifically authorizes the court to allow amendment with reference to "a mistake in any other respect," and directs the power be exercised liberally.

The following cases show the different matters considered by the courts in permitting amendments of the summons and of the complaint where a complaint has to be filed in the court before a summons can be issued: Ripley v. Harmony, 111 Me 91, 88 A 161; Fountain v. Pitt County, 171 NC 113, 87 SE 990–992; Shinn v. Cummins, 65 Cal 98, 3 P 133. In this California case the power was exercised because of the statutory provisions similar to our Compiled Laws, § 7321. Along similar lines is McMurtry v. State, 19 Neb 147, 26 NW 915; Robinson v. Peru Plow & Wheel Co. 1 Okla 140, 31 P 988.

In Kelly v. Fudge, 2 Ga App 759, 59 SE 19, there was a mistake in the court process which required the defendant to appear "at the next superior court." The action was filed in the "city court of Miller County." The defendant demurred "because petition is addressed to the city court, and the process was issued to superior court," and the plaintiff asked leave to amend. The amendment was disallowed and the case dismissed on the ground that there was no process. But the court of appeals said, "The process was not void, and was amendable by allowing the clerk to strike the words 'superior court' where they appeared therein and insert the words 'city court' in lieu thereof." The main point, so far as this case is concerned, is that the court holds "the process was not void." Not being void, it was voidable only and the court of appeals reversed the decision of the lower court in refusing to grant the amendment.

In Livingston v. Coe, 4 Neb 379, the petition was entitled in the "Supreme Court of the State of New York," but was filed in the dis-

trict court for Thayer County, State of Nebraska. The court permitted the amendment, saying, "This was good ground for a motion to require the plaintiff to amend his petition, but it was not sufficient to warrant a dissolution of the attachment," the writ in issue being that of attachment. The writ of attachment did "not run 'In the name of the People of the State of Nebraska,'" as required by the constitution, but the court said this defect made it "merely voidable, not void. It was a defect curable by amendment. . . . And it makes no difference that the omission is of a constitutional requirement, this as well as one that is statutory, merely, may be amended." Ilsley v. Harris, 10 Wis 96, was a case dealing with an affidavit and order for arrest. The district court refused to vacate the order of arrest, so the defendant appealed on the ground that the order was not styled correctly as required by law; but the Supreme Court of Wisconsin held, "Although we think an order of arrest is a process within the meaning of the constitution, which requires all process to run in the name of 'The state of Wisconsin,' yet it was a matter of form, and the defect was amendable. The authorities cited by the counsel for the respondent on the rehearing established the position that an amendment may be allowed to cure a defect arising from the nonobservance of a constitutional direction, as well as of a statutory one. We think the court should have allowed an amendment of the order, and not have vacated it for that reason, and, therefore, we affirm it as before."

This decision was rendered on rehearing, the court having heretofore decided the case on other grounds, finding that the grounds set forth in the former opinion were not based upon the evidence. We cite these cases to show the lengths to which some courts go.

The New York case (McCoun v. New York C. & H. R. R. Co. 50 NY 176, supra) holds in effect that because the complaint which was served with the summons showed the nature of the action the defendant had not been misled. The court stated, "The provisions of the Code regulating the formal proceedings in an action do not, simply because they are statutory regulations, necessarily become of the substance of the remedy or substantial in their character."

There are many cases where the procedure requires a proper complaint to be filed with the clerk and the court itself issues the summons.

In such cases, the courts permitted amendments to the complaint and also to the summons. See Kelly v. Fudge, 2 Ga App 759, 59 NE 19, supra; Lamb v. McElwaney, 143 Ga 490, 85 SE 705.

Kostrob v. Riley, 105 NJL 37, 143 A 863, contains elements similar to the case at bar, the mistake of counsel. Here a motion was made to set aside a summons on account of defects therein. This court held that "Where complaint was served with summons, alleged venue, and set out cause of action against defendants, complaint became part of original process of summons, and could be made basis for amendment of summons" under their statute which authorized a new summons where an error was made in issuing or serving the new process. The summons required the defendants to appear "in Hudson county common pleas court at Jersey City," whereas the complaint showed the action was commenced in the "Supreme Court, Hudson County." The supreme court held the summons was amendable under a statute similar to ours, *"especially where mistake was due to attorney, and statute of limitations would operate against plaintiff if summons was set aside."* Thus the court permitted the amendment in furtherance of justice and holds further in effect that it is immaterial whether you call it a new summons or otherwise, as the "issuance of new summons is in nature of amendment of original summons as regards defense of limitations." The summons in this case was issued by the court itself and yet the court permitted amendment. The failure to comply with the requirements of the law, court says, was due to the mistake of the attorney for the plaintiff, just as in the case at bar.

With reference to clerical errors, the court in Galveston, H. & S. A. R. Co. v. Coker (Tex Civ App) 135 SW 179, holds: "Where a defect in the citation is but a clerical error, it may be cured by authorized amendment at any time before trial, especially when no injury is shown to have accrued to the opposite party."

If there be any doubt concerning the court in which the plaintiff brought his action, that matter is to be determined the same as any other matter of fact. Whether the proposed amendment does relate to the real court intended and a clerical error was made in naming the court is a question of fact for the court.

The papers in the case at bar are equivocal on their face, for the

summons said, "In County Court," whereas the complaint attached thereto and served with it shows clearly that in fact the plaintiff commenced his action in the district court, though this court was misnamed. It is a question of fact as to where the action was commenced. The court was required to determine this fact. To aid the court in determining in what court the action was commenced, the court may have recourse to the complaint. Kostrob v. Riley, supra.

In First Nat. Bank v. Rusk, 64 Or 35, 39, 129 P 121, 44 LRA(NS) 138, the court ruled, "The copy of the summons served on defendant must be read in connection with the complaint attached thereto, in order to explain any apparent ambiguity in the summons, so that the omission to state the county in the summons" and the error in the summons "were defects cured by the complaint served with the summons, stating the venue and the sum for which judgment was asked." The court says, "A summons is not a process or writ issuing out of any court but is a notice promulgated by the plaintiff and addressed to the defendant, requiring him to appear and answer, not the summons but the complaint filed against him." The summons in this case cited was issued by the plaintiff.

This Oregon decision was handed down in 1913. The statutes of Oregon at that time and since have been similar to ours with reference to the manner of commencing an action by summons and in general the requisites of a summons, though not as elaborate as ours in that respect, and apparently did not make provision for the service of the complaint with the summons but required the complaint to be filed.

The Oregon statutes provide that "an action shall be deemed commenced as to each defendant when the complaint is filed, and the summons served on him . . . " (§ 1–212) and the summons "shall be subscribed by the plaintiff . . . or a resident attorney of the state . . . either of whom shall state his residence or post-office address thereon, and be directed to the defendant, and shall require him to appear and answer the complaint . . . (§ 1–502) and "the summons (in district court) shall contain the name of the court in which the complaint is filed, the names of the parties to the action, and the title thereof. It shall be subscribed by the plaintiff or his attorney . . ." (§ 28–1109). In First Nat. Bank v. Rusk, 64 Or 35, 127 P 780, 781,

129 P 121, 44 LRA(NS) 138, where the summons failed to state the county (a summons being issued by plaintiff's attorney) the court said: "Confessedly the defendant was personally served with the complaint, a document which informed him at large with what the plaintiff charged him, in what court he was charged, and of the relief demanded by the plaintiff."

In Harvey v. Chicago & N. W. R. Co. 148 Wis 391, 134 NW 839, the summons failed to give the name and address of plaintiff's attorney as required by the statute, but the court held that where the complaint attached contained that name and address "the fact that the summons did not do so, as required . . . was a mere irregularity," and not a jurisdictional defect. The court said, "The papers annexed to the summons and served therewith advised the defendant of the name and address of the plaintiff's attorney, and supplied the omission complained of, by giving defendant the requisite notice of the name and address of the person upon whom to serve such papers as it desired to serve in the action."

In Robinson v. Peru Plow & Wheel Co. 1 Okla 140, 31 P 988, 991, where a mistake was made by plaintiff in territorial days in describing the court in his complaint as United States District Court, and the summons described the court as the District Court of the territory of Oklahoma, the question of jurisdiction of the cause of action was involved, the United States District Court having no jurisdiction over the class of cases involved, but the Supreme Court of Oklahoma very trenchantly states: "It should not be presumed that the defendant in error intended to bring the suit in the district court of the United States, for that court, no matter what may be the citizenship of the parties, has no jurisdiction of an action of trover, and no attempt was made to describe the court as the circuit court of the United States." The same presumption is applicable in the case at bar.

In Lamb v. McElwaney, 143 Ga 490, 85 SE 705, where process was issued by the court, the court permitted an amendment of the process even after judgment, saying, "Though the language of the petition and process is equivocal, properly construed it sufficiently appears that the process refers to the petition. . . ."

The discretion of the court should be guided also by whether the de-

fendant was misled. In Heinrich v. Englund, 34 Minn 395, 26 NW 122, the summons was defective because it did not contain the proper requisites for the form of summons and the complaint, the complaint being correct in form. The summons and the complaint were served together. The court said, "The defendant could not have been misled by the form of the notice, as the complaint informed him of the nature of the cause of action and the amount for which judgment was asked." The case is of value in showing the effect of the proper statement in the complaint upon any error in the summons.

Not only does the complaint show the case at bar was commenced in the district court, but its very terms show such action could not be commenced in the county court so as to confer jurisdiction, as the amount demanded in the complaint exceeds the jurisdictional amount requisite for trial in the county court, and the time to answer is different.

The question of fact is clearly determined in this case that the plaintiff was invoking the jurisdiction of the district court, not the county court, even though there was this error in the summons. The district court had jurisdiction of the subject matter and of the defendant because the defendant was served with this summons. The defendant could not help but know in what court the action was actually pending. He was not misled in any way and furtherance of justice required the district court to permit the amendment, particularly when the question of the statute of limitations was in the offing.

The "furtherance of justice" upon which the appellant relies is the alleged fact that if the action be dismissed the plaintiff will be defeated in the collection of a just claim because of the intervention of the statute of limitations. That this statute of limitations would be interposed in such case is clear, one of the arguments advanced by defendant being that the allowance of the amendment is not "in furtherance of justice" in that he would be deprived of the defense of the statute of limitations. The change sought does not change the cause of action nor introduce a new one, nor bring in a defendant. There is no proposed alteration of the status of either party. It seeks to set forth the summons as intended and with reference to the defendant actually served, and as at the time of service.

We have before us therefore this question: Would it be in further-

394

ance of justice to permit such amendment now in view of the alleged defense that in the meantime the statute of limitations intervenes?

"No one has a vested right in the statute of limitations until it has run in his favor." Morgan v. Somervell, 40 Cal App(2d) 398, 104 P(2d) 866. This matter is settled against the defendant in Heilemann v. Clowney, 90 NJL 87, 103 A 687, 688, where an error was made by the officer of the court. Here the court said, "The statute of limitations has run, and where a plaintiff in good faith has begun an action within time, and has failed to bring defendant into court because of mistake or default by the officer charged by law with the duty of serving the summons, the court should save the right of action if it can be done without working manifest injustice." The very purpose of permitting an amendment is to preserve the cause of action and in Gaskill v. Foulks, 83 NJL 375, 84 A 1057, court holds that even if the court were to issue a new summons it would be for that purpose. See also Kostrob v. Riley, 105 NJL 37, 143 A 863, supra.

With reference to "furtherance of justice," it is interesting to note that in Schieffclin v. Whipple, 10 Wis 81, the court held that the lower court was in error in not permitting an amendment to the complaint to allow the plaintiff to amend in order to show the note that was in issue, he being unable to introduce it under the pleadings and in support of his motion showed that unless he was allowed to so amend and the case was dismissed without prejudice his action would be barred by the statute of limitations. The trial court denied his motion to amend but the supreme court said, "The power of amendment is frequently and justly exercised in such cases. And the fact that if driven to a new action, the party's claim will be barred, is of controlling influence in favor of its exercise. . . . Of course it should have been, upon just terms, including a continuance, if the defendants were not prepared for trial."

In Martin v. Coppock, 4 Neb 173, the court held that when the summons was amended as allowed by the trial court such amendment related "back to the time of service."

In Hill v. Burton, 30 Ala App 594, 10 So(2d) 302, plaintiff was permitted to amend his complaint after the running of the statute so as to correct an error in the name of the defendant served. The court

said: "The filing of complaint in action for damages to automobile before statute of limitations had run stopped the running of the statute, although there was a misnomer of defendant and the fact that summons was not issued or served upon defendant until after the period allowed in the statute was immaterial, where an alias summons was served upon defendant after amendment correctly setting forth defendant's name."

In this case cited the filing of the complaint appears to be the commencement of the action.

Sec. 7482 of the Comp. Laws authorizes an amendment in any pleading, process, etc. The power to permit amendment of a complaint is the same power that permits an amendment of the summons and the application of the power is exercised in the same manner.

Curtis v. Speck (Tex Civ App) 130 SW(2d) 348, 349, was concerned with the matter where the statute of limitations might intervene. The plaintiff had filed with the court a complaint that was so defective as to be subject to a special or general demurrer. The clerk issued a citation sometime thereafter and during a period when the statute of limitations would intervene. The plaintiff was permitted to amend his pleading to "relate back to the time of the filing of the original pleading" because to deny the amendment would have permitted the statute of limitations to intervene.

In the case at bar, the defendant is not losing any right which he had at the time the summons was served upon him. Whatever defenses he had then he has yet. The amendment is an amendment of the summons so that it would appear as it ought to have appeared at the time of service which was the commencement of the action.

This pertinent statement is taken from Morgan v. Somervell, 40 Cal App(2d) 398, 104 P(2d) 866, supra: "When the action was commenced within the statutory period no vested right of defendants was violated by a procedural legislative enactment such as the one with which we are here concerned." (Amendment permitting a court that had no jurisdiction because of the amount involved to transfer it to a court that had jurisdiction.)

The trial court was in error in refusing to permit the amendment. The judgment is reversed and the plaintiff is permitted to amend its

summons as of the date of service under such terms as the trial court may deem proper.

MORRIS, Ch. J., and J. BURKE, NUESSLE and CHRISTIANSON, JJ., concur.