DREW, Justice
(dissenting).
Section 47.04, Florida Statutes, which -was repealed by Chapter 26962, Acts of 1951, provided:
“All process shall run in the name of the State of Florida, shall bear teste in the name of the clerk or judge issuing it, be signed by said clerk or judge, and bear date when issued; and, when not otherwise provided by law, shall be made returnable to the next ensuing rule day of the court from which it issued.” (Emphasis supplied.)
The new Florida Common Lavy Rule relating to summons is as follows:
“Rule 5(b). Upon the commencement of the action, summons; shall be forthwith issued by the Clerk and delivered for service without praecipe.”
Prior to the adoption of the new Rules, process in the form of -a summons alone *6 marked the beginning of the litigation. There was no requirement for serving a copy of the complaint with the summons. For this reason alone, there was a firm basis for the statutory requirement that the Clerk sign the summons.
■ When the Legislature repealed Section 47.04, it expressly recognized in the repealing Act “the existing new common law rules”, Rule 5(b) above being a part thereof. Under elemental principles of statutory construction this repealed the requirement that the summons be .signed by the Clerk.
As I understand the record, the questioned summons was complete in all respects except that neither the Clerk nor his deputy actually ' signed the paper. The Court" seal was impressed thereon, the names of Clerk and his deputy were either typed or printed thereon and the complaint waS attached thereto and both were served by' the Sheriff.
It is only in those jurisdictions wheré there is a mandatory requirement in the Statutes that the Clerk actually fix his signature to the document, where the failure to do so renders it void. For instance, •in 42 Am.Jur. par. 10, page 12, it is said; in speaking of the conflict in the decisions in this matter: .
“ * * * The conflict on this point is due principally to different statutory requirements as to the necessity of signature in the various jurisdictions, the cases holding' that a signature is necessary to the validity of a process or order arising, for the most part, m jurisdictions where the statutory requirement in that respect is 'manden tory * ■ * *" (Emphasis supplied.)
Of interest, also, is the following .from Par. 11 of 42 Am.Jur. page 12:
“Sec. 11. — Mode or Form; Necessity of Written Signature; Signing by Deputy. — The general rule is that the' ' signature to a summons need not be in the' handwriting of the person who is by law required to sign it; any signature, whether' written, typewritten, stamped, printed; or lithographed, which the party issuing the summons may adopt as his own is considered to be a sufficient compliance with a requirement that such paper be signed. Even though the local statute or rule of practice requires that the summons be subscribed by the plaintiff or his attorney, it is not usually construed to require that it be subscribed in his own proper handwriting, but his name may be printed thereon. However, the general rule to the effect that a stamped, printed, or typewritten signature is a good signature appears to be subject to an exception where the signature is required by statute to be under the hand of the person making it.
“According to .some decisions, proc■ess may be signed by a deputy clerk in his own name; others hold that a deputy, must sign in the name of his principal. An attempted but ineffectual delegation of authority to sign a writ does not render the process invalid. A writ signed by a female deputy clerk, even though ineligible for such office, is-voidable at most, and is not subject to collateral- attack.”
Petitioner argues that it was the “intention of the framers of the Florida Rules to adopt the Federal Rules .for Florida Procedure,” and that Federal Rule 4(b), 28 U.S.C.A., “apparently by oversight, was not lifted into Common Law Rule 5(b).” On this proposition we have no right to speculate, particularly when the language is so clear, In addition to that, the Supreme Court of the United States, in Bryan v. Ker, 222 U.S. 107, 32 S.Ct. 26, 27, 56 L.Ed. 114, in speaking on this general subject, said:
“True, the purported signature of the deputy was not his own, but was affixed by his brother under an attempted but ineffectual delegation of authority, and yet the writ, in the usual form, was issued from the office of the clerk, bearing the seal as evidence of its authenticity. In short, although thus -irregularly issued, it came into the hands of the marshal as an apparently valid writ. Besides, this irregularity did not render the writ void, but voidable merely, for it could have been amended by. *7 substituting the true for the purported signature of the deputy.''* * *”
As long ago as 1875, in the case of Gilmer v. Bird, 15 Fla. 410, Mr. Justice Westcott, in speaking for this Court, on this general subject, .said:
. “It is contendéd that such summons as is authorized by-the Code is process within the meaning of the constitutional provision,' which requires the style of all process to be ‘The State of-Florida;’ that in this case the summons and (sic) no such style; that this was essential to the validity of the judgment, there having been no appearance, and that the order setting it aside as a void judgment was correct'.
“Even if this summons was ‘process’ . within the meaning of the Constitution, the failure to insert the formal style required would only have been an irregularity, a misprision of the clerk, and amendable. The style of process is its , title, and the title of process in civil cases has been a subject of amendment from a very early period in English history. That a formal requirement as to process is made by the Constitution is no more binding upon the court than if made by an act of the Legislature, and is equally the’ subject of amendment in one case as the other * * *".
While the Court in the above cases was speaking of a failure of the summons to have on it the style of process, viz. “The State of Florida”, as required by the then Constitution, the reasoning is obviously applicable to the present discussion and, I think, is clear authority to uphold the lower court. I agree with the remarks of Mr. Justice Burr in James River Nat. Bank v. Haas, 73 N.D. 374, 15 N.W.2d 442, 445, 154 A.L.R. 1005 (text 1010) where, in discussing the character of a summons, said:
“Much of the confusion in this case arises over the character of a summons. A summons, under our code of procedure, is not .a process in the old se'nse of being-a writ issued by the court. The summons is just-what it implies. It"is a'notice in statutory •form required to be given to the- defendant by a plaintiff so 'the former may know where to meet the plaintiff in order to be present and defend him-' self against the claim. We termed it process or in the nature of process. * * *

“There is nothing sacrosanct about a summons. A summons is not essential in every case. The defendant may waive it if he desires. The legislature prescribes its form and lays down its requisites as in Sections 7422 and 7421. It may change the form and vary the requisites as it sees fit, with propér regard to due process of law.”
Being convinced — as I am — that the lower court was entirely correct in the course of action he pursued and that he had authority to do what was done, I respectfully dissent from the main opinion.
THOMAS, J., concurs.