(94 Misc. Rep. 317)

TUCCI v. ROMEO et al.

(Supreme Court, Appellate Term, Second Department. March, 1916.)

1. COURTS ⚖=189(4)—SUMMONS—VALIDITY—TIME TO ANSWER.
     Under Municipal Court Code (Laws 1915, c. 279) § 19, providing that the summons must require the defendant to appear before the clerk of the court five days after the service thereof, and section 20, prescribing the form of summons, which must be substantially followed, which form includes a summons to appear within five days after service, the provisions as to time for answering are mandatory, and a summons requiring defendant to answer forthwith is void, not merely irregular.

     [Ed. Note.—For other cases, see Courts, Cent., Dig. §·409; Dec. Dig. ⚖=189(4).]

2. PROCESS ⚖=163—SUMMONS—AMENDMENT—VOID SUMMONS.
     While Code Civ. Proc. ·§ 723, authorizes the amendment of summons which is merely irregular, a summons which is void cannot be amended.

     [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 224–238; Dec. Dig. ⚖=163.]

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Luigi Tucci against Francesca Romeo and another. From an order denying a motion to amend a summons, vacating a requisition to replevy, and dismissing the action, plaintiff appeals. Affirmed.

Argued March term, 1916, before CALLAGHAN, BLACKMAR, and KAPPER, JJ.

Joseph Logomasini, of New York City, for appellant.

Abner C. Surpless, of Brooklyn, for respondents.

CALLAGHAN, J. This action was brought in replevin. The summons was issued by plaintiff's attorney at the time the order to replevy was granted and was made returnable forthwith. One of the defendants appeared specially, for the purpose of vacating the order of replevin upon the ground that the court had no jurisdiction.

[1, 2] Plaintiff then moved to amend the summons nunc pro tunc, so that it would read that the time within which defendant should appear and answer the complaint would be "five days," instead of "forthwith." The motion to amend was denied. The order of replevin was vacated, and the action dismissed. Section 19 of the Municipal Court Code (Laws 1915, c. 279) prescribes the requisites of a summons, among them being that it must require the defendant to appear before the clerk of the court five days from the service thereof, and section 20 of the Code gives the form of the summons, which must be substantially followed, and if the summons omits to set forth any of the jurisdictional essentials prescribed by the statute it is vitally defective and void, and while a summons which is merely irregular may be amended pursuant to the provisions of section 723 of the Code of Civil Procedure (Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562), a summons which is totally void cannot be amended.

I am of the opinion that section 19 is mandatory, and if the provisions of that section are not complied with a summons is ineffectual and void, and is not merely irregular. The language of this section is substantially the same as section 417 of the Code of Civil Procedure, and it has been held that where a summons was served in an action in the Supreme Court, without naming the county where the plaintiff desired the trial, that it would be set aside as irregular and void. Osborn v. McCloskey, 55 How. Prac. 345.

Sections 721, 722 and 723 of the Code were only intended to cure and supply defects for irregularities, and were not intended to remedy a jurisdictional defect.

The plaintiff not having acquired jurisdiction over the defendants, the action was properly dismissed. All concur.