FRITZ HOBER, Appellant, *v.* RUDOLPH REIKERT, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Jurisdiction — when court not divested of — service — Municipal Court.

Where the defendant in a Municipal Court action was in no way misled by the omission from the copy of the summons served of the plaintiff's address, a mere irregularity, the court is not divested of jurisdiction, and a judgment for the dismissal of the complaint will be reversed and a new trial ordered.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, dismissing the plaintiff's complaint.

David Blitzer, for appellant.

John G. Dyer, for respondent.

WHITAKER, J.   This action was brought against the defendant to recover for wages due the plaintiff, and service of the summons was made on July 10, 1916. The summons when served was complete in all respects

except that it did not comply with the provisions of section 19 of the Municipal Court Code, in that it did not have the plaintiff's address indorsed thereon. The defendant not appearing upon the return day, judgment was taken against him by default. The judgment authorized the issuance of an execution against the person, and on July 28, 1916, he was arrested and confined in Ludlow Street jail. About August 1, 1916, the defendant paid the judgment and he was thereupon released. On August 3, 1916, he obtained an order to show cause why his default should not be opened, the judgment vacated, and he be allowed to defend the cause of action. This motion was granted upon condition that the defendant deposit in court the amount of the judgment in this action, and also in five other similar actions brought against him. Subsequently, upon motion made by defendant, this order was modified to the extent of permitting the defendant to answer and defend the action without the deposit of the amount of the judgment. Under this last order the case was set down for trial for September 10, 1916, and was adjourned from that day to September 19, 1916. Up to this point in the proceedings the defendant had in no way indicated that he appeared specially for any purpose, although his attorney made an affidavit used upon the motion to open the default, in which he stated that the summons was defective in the manner above referred to, but made no claim of appearing specially, but asked that " this contention be considered as a further ground for the granting of the order to show cause applied for herein." Upon the motion made for a modification of the order granting the motion to open the default, the claim of special appearance was not set up, nor was mention made of any defect in the summons. Upon September 25, 1916, the trial justice made an order

upon motion of defendant's attorney which after reciting that " It appearing to the court that plaintiff's address was omitted from the copy summons served upon the defendant," the plaintiff's action " be and the same hereby is dismissed." This was clearly error. The defendant had appeared generally in the action, and any irregularities or lack of jurisdiction over his person had been waived by such appearance. *Crystal & Son* v. *Ohmer,* 79 Misc. Rep. 227. If, as now contended by the defendant, he had never been served with process, upon the ground that the summons was void, an appeal from the judgment would lie, or the question could have been raised under section 129, Municipal Court Code. Moreover, we are of the opinion that the omission upon the copy summons served upon the defendant, of the address of the plaintiff, was a mere irregularity which did not divest the court of jurisdiction. In *Wiggins* v. *Richmond,* 58 How. Pr. 376, the office address of plaintiff's attorney was omitted. In *Hull* v. *Canandaigua El. Light Co.,* 55 App. Div. 419, the name of the plaintiff's attorney was left off the summons, and these were held irregularities only and not to affect the jurisdiction. In *Gribbon* v. *Freel,* 93 N. Y. 93, the defendant in the Marine Court was required to answer the complaint in six days instead of ten, as required by law, and this was held an irregularity only. So in *Mayerson* v. *Cohen,* 123 App. Div. 646, although the copy summons served stated the return day, but omitted the date of the summons. In *Sullivan* v. *Harney,* 53 Misc. Rep. 249; the summons in the City Court was subscribed with the name of the plaintiff's attorney, after which appeared the words " New York City." It did not contain " the street numbers or other suitable designation of the particular locality," as required by section 417 of the Code of Civil Procedure. This

was held not to constitute a jurisdictional defect. In *Tucci* v. *Romeo,* 94 Misc. Rep. 317, the court said: "If the summons omits to set forth any of the jurisdictional essentials prescribed by the statute it is vitally defective and void, and while a summons which is merely irregular may be amended pursuant to the provisons of section 723 of the Code of Civil Procedure (*Stuyvesant* v. *Weil,* 167 N. Y. 421), a summons which is totally void cannot be amended." In that case the summons required the defendant to appear "forthwith" instead of the five days, as required by statute, and this was held to render the summons void. In *Krulewitch* v. *Pecarsky,* 59 N. Y. Supp. 827, this court held that the omission to state the number of the district, but giving the true name and address of the Municipal Court for the first district, did not divest the court of jurisdiction.

The legislature has seen fit in section 19 of the Municipal Court Code to state exactly what the summons must contain and what must be indorsed upon the summons. It does not follow, however, that a summons is absolutely void if it fails in some respects to comply with all the requirements of the statute. The courts have always had power in some instances to amend their process and proceedings to cure defects on proper terms, and in other cases to disregard immaterial errors and defects. There can be no doubt that the legislature in enacting the Municipal Court Code sought to enlarge the powers of the Municipal Court in this respect to enable that court to perform its functions, as a true court of justice, and the statute should not be construed in such a manner as to place new technicalities in the way of the litigant or court. Its power to amend is of course subject to the universal rule that no court can amend any process or pleading where it has not acquired jurisdic-

tion in the proceeding, and inasmuch as the Municipal Court is a court of limited jurisdiction its power to amend can of course be exercised only within the limit of its jurisdiction as established by the legislature, but the courts will not place new limits upon this power. The function of the summons is merely to provide the notice required to bring a party into court to answer to a complaint over which the court has jurisdiction. When a summons is issued by an officer having authority to issue such summons and is served upon a defendant which gives him notice that he is required to appear in a certain court in an action where the court has jurisdiction, and upon a day when the court has power to proceed with the action, the summons is sufficient to perform its functions, and the court has jurisdiction over the person of the defendant. If the summons as so issued has defects which have or may prejudice the rights of the defendant, the court may, upon a proper motion, still vacate the summons, but the summons is voidable only and not void in such a case. In considering the intention of the legislature in enacting that the address of the plaintiff must be stated upon the summons, we must remember that the residence of the plaintiff does not affect the jurisdiction of the court over the action but is material only if a motion is made to transfer the action to a different district. Under the old Municipal Court Act, the legislature had not provided such a requirement, but rule 1 of the Municipal Court as it then existed did contain such a requirement. Obviously the omission to comply with a rule of the court did not constitute a defect ousting the court, which made the rule, of jurisdiction over the action. It should not be assumed that when the legislature enacted this rule into a statute it

Supreme Court, Appellate Term, December, 1916.    [Vol. 97.

intended to make the requirement essential to the court's jurisdiction. The defendant in the case at bar was in no way misled by the omission of the plaintiff's address, and that is the test in the determination of a case of this character. See *Loring* v. *Binney,* 38 Hun, 152; *Van Wyck* v. *Hardy,* 4 Abb. Ct. App. Dec. 496. For these reasons the judgment must be reversed.

LEHMAN and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.