MARY T. STEFFENS, Respondent, *v.* SAMUEL H. MARTIN, as Executor of the Last Will and Testament of JAMES MILEY, Deceased, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1917.)

Pleading — in Municipal Court of city of New York — when summons may not be amended — actions — Municipal Court Code, § 78(1).

Where in an action brought in the Municipal Court of the city of New York no complaint was served or filed and there was neither indorsed upon nor attached to the summons any statement of the nature and substance of the cause of action sued on, as required by the mandatory provision of section 78(1) of the Municipal Court Code, the summons may not be amended so as to comply with said section and an order denying a motion to dismiss the action will be reversed and the action dismissed.

Appellate Term, First Department, June, 1917. [Vol. 100.

APPEAL by the defendant from an order of the Municipal Court of the city of New York, borough of Bronx, first district, denying. a motion to dismiss the action, and permitting the plaintiff to amend the summons.

Robert G. Perry, for appellant.

George Parr, for respondent.

WHITAKER, J.  This action was commenced by the service of a summons, dated December 8, 1916, and served on December 11, 1916.  The summons was filed with the clerk on December 12, 1916.  There was no indorsement upon nor was there attached to the summons any statement of the nature and substance of the cause of action, and no complaint was served or filed with the summons.

The defendant appeared specially, as provided by section 88 of the Municipal Court Code, and moved to set aside the summons and to dismiss the action for failure of the summons to have thereon such indorsement.  Thereupon the plaintiff moved to be allowed to amend the summons in that respect.  Both motions came on for hearing on the same day, and the motion of the defendant was denied and that of the plaintiff allowed, and the summons was amended by indorsing thereon " action for services rendered defendant's decedent."

Thereafter the defendant applied for and obtained leave to appeal from said order under the provisions of section 154, subdivision 7 of the Municipal Court Code.

Section 19 of the Municipal Court Code provides that: " If no written complaint is served with the summons, the plaintiff, or, in case of his inability to

do so, the clerk, must endorse upon or attach to the summons a brief statement of the nature and substance of the cause of action."

Section 78, subdivision 1 of said Code provides that: " When an action is commenced by service of a summons only, a statement of the nature and substance of the plaintiff's cause of action shall be endorsed upon or annexed to the summons."

It has been held that defects in a writ which do not render it void are amendable, and that imperfections which so affect the writ as to entirely destroy its validity are not susceptible of amendment. *Hull* v. *Canandaigua El. L. & R. Co.*, 55 App. Div. 419. In the recent case of *Tucci* v. *Romeo*, 94 Misc. Rep. 317, Appellate Term, Second Department, Mr. Justice Callaghan, writing for the court, said: " Section 19 of the Municipal Court Code prescribes the requisites of a summons * * * and section 20 of the Code gives the form of the summons which must be substantially followed, and if the summons omits to set forth any of the jurisdictional essentials prescribed by the statute it is vitally defective and void, and while a summons which is merely irregular may be amended pursuant to the provisions of section 723 of the Code of Civil Procedure (*Stuyvestant* v. *Weil,* 167 N. Y. 421) a summons which is totally void cannot be amended."

There are but two ways in which an action can be commenced in the Municipal Court, one by the service of a summons with a written complaint, and the other by service of a summons which must contain or have attached thereto a statement of the cause of action. Under the former Municipal Court Act the defendant was required to appear in open court, at a certain time, to answer orally or otherwise to a complaint, and issue was thus joined. Under the present practice the defendant is required to appear and answer " the

complaint." The new Code did away with the necessity of appearing upon the return day, and, therefore, provided in sections 19 and 78 of the Municipal Court Code the requisites of a summons, and the manner of apprising a defendant of the cause of action for which he was sued. How can a defendant be required to answer a complaint when there is none?

A defendant is entitled to know upon what cause of action the plaintiff proposes to enter judgment in case of a default.

A defendant might be willing to allow a judgment to be entered against him in an action upon contract, but not in an action in tort, and it was the intent of the legislature, in providing that the summons should contain the indorsement referred to or that a certain complaint should accompany it, to inform the defendant of the cause of action. This indorsement, in the absence of a written complaint, is mandatory and one of the essential elements of a summons. It is claimed by the respondent that service of the summons without the indorsement or complaint conferred jurisdiction over the person of the defendant and that after acquiring such jurisdiction the court had power to amend. The answer to that is that a summons defective in a material respect is equivalent to no summons at all. It must contain all the material elements or it is absolutely void. If the defendant in the case at bar had failed to appear after being served with the summons the plaintiff could not legally have entered a judgment against him.

"Whether or not a summons should contain a statement indicating the nature of the cause of action is a matter depending on the provisions of the statute; some statutes make no such requirement, others do. If the statute requires such a statement it is mandatory." 32 Cyc. 436, 437.

There is nothing in the case of *Hober* v. *Reikert,* 97 Misc. Rep. 637-642, to the contrary, and the case of *Tucci* v. *Romeo, supra,* is cited therein with approval. Neither does the fact, if it is a fact, that the defendant knew the nature of the cause of action for which he was sued, aid the plaintiff in the lease. Defendant had a right to ignore the service of a void summons or move to set it aside; it was fatally defective and could not be cured by amendment. Order reversed, with ten dollars costs, and action dismissed, with costs.

GUY and FINCH, JJ., concur.

Order reversed, with costs.