Eugene M. McCarthy, J.
This is a motion to dismiss the summons and vacate the service thereof on the ground that the summons does not contain the indorsement required by section 902 (subd. [a], par. [1]) of the New York City Civil Court Act.
Section 401 of said Act provides that the summons shall be in such form as may be provided by rule. Rule II (subd. [a]) of the rules of this court (then in effect) sets forth as an example a form of summons requiring the defendant to ‘1 appear * # # before the clerk” of the court within 10 days after the service of the summons “and to make answer to the complaint ”; and “ if you fail to make answer ” judgment will be taken against defendant in a sum certain. Subdivision (b) of this rule provided that if a formal complaint is served with the summons, the summons is to state that upon defendant’s failure to answer, judgment will be entered for the relief demanded in the complaint; and if the summons is “ unaccompanied by a formal complaint ” and relief is sought in addition to or other than for a sum of money, the summons is to specify “ such relief in detail ”.
Subdivision (a) of section 902 of the Civil Court Act provides that all pleadings shall be formal pleadings, as in Supreme Court practice, except that in actions for money only and where the summons is served by personal delivery within the City of New York, the cause of action may be set forth by “ indorsement upon the summons.” The indorsement shall consist of a statement of the nature and substance of the cause of action and the summons shall set forth ‘ ‘ the amount in which the plaintiff will take judgment in the event of default ”. By subdivision (b) of that section, if a “ formal complaint must be or is used, it shall be served with the summons”, except that if service is made by publication the Civil Practice Law and Rules shall govern.
It is thus apparent that the practice in the Supreme Court of serving a summons without a complaint is not applicable in the Civil Court where the complaint, either formal or informal *1006 by way of indorsement, must accompany the summons (see Professor Siegel’s commentary, McKinney’s Cons. Laws of N. Y., Book 29-A, CCA, § 401, p. 86). The summons in the instant action required the defendants to answer the complaint 1 ‘ or, if the complaint is not served with this summons, to serve a notice of appearance ”, on the plaintiffs’ attorneys. Neither a formal nor informal pleading by way of indorsement accompanied the summons. Accordingly, the summons was fatally defective and void, and could not be cured by amendment. Nor was it cured by the fact that defendants knew of the nature of the cause of action for which they were sued, or by the plaintiffs ’ serving the attorney for the defendants with a formal verified complaint contemporaneously with the service of the affidavit in opposition to this motion.
The reasoning of the court in the case of Steffens v. Martin (100 Misc. 263 [App. Term, First Dept.]) applies equally to the instant motion under our present court act and rules. The form of summons set out in section 20 of the New York City Municipal Court Code in effect at that time is substantially the same as set forth in our rules. The .statement by the court in the afore-cited case (p. 265) that there “ are but two ways in which an action can be commenced in the Municipal Court, one by the service of a summons with a written complaint, and the other by service of a summons which must contain or have attached thereto a statement of the cause of action ’ ’, applies equally to the manner in which an action may be commenced in the Civil Court. Instead of a “written” complaint, the Civil Court Act refers to it as a “ formal ’ ’ complaint. While section 19 of the Municipal Court Code provided for the plaintiff or Clerk to indorse upon “ or attach to the summons ” a brief statement of the nature and substance of the cause of action, section 902 (subd. [a], par. [1]) of the Civil Court Act provides for its “indorsement upon the summons ”. But both the Municipal Court Code and the Civil Court Act required the defendant to ‘1 appear ’ ’ before the Clerk and to ‘1 make answer to the complaint ’ ’. As the court stated in the above-cited case (p. 266): “ How can a defendant be required to answer a complaint when there is none? * * * This indorsement, in the absence of a written complaint, is mandatory and one of the essential elements of a summons.” (See, also, Baum v. Halperin, 169 N. Y. S. 489.)
The motion is granted and the action is dismissed.