Arnold L. Fein, J.
Defendants’ motion to dismiss on the ground that neither an indorsed nor a formal complaint was served with the summons and that therefore the court has no jurisdiction is denied. The summons in this action, which did not contain an indorsed complaint and which was served without a formal complaint, was served on the defendants by the Sheriff of the City of New York on April 14, 1966 and April 20, 1966. Such service was utilized in order to avoid the Statute of Limitations.
At the time of such service defendants and their attorney had full knowledge from the face of the summons that there was no compliance with section 902 of the New York City Civil Court Act. They could have ignored the service or immediately moved to dismiss and such motion would necessarily have been granted (Paskus, Gordon & Hyman v. Peck, 41 Misc 2d 1004). It was not necessary for the attorney for the defendants to examine any files or records in order to determine that the summons was jurisdictionally defective. Instead, defendants’ attorney communicated with the attorney for the plaintiffs and requested an extension of time to answer and prepared and forwarded to the attorney for the plaintiffs a stipulation, on or about May 10, 1966, extending defendants’ time to “answer, appear, demur or to make any motion with relation to the complaint ’ ’ in the action, up to June 10, 1966, noting on the stipulation the words, “thank you”. Plaintiffs’ attorney signed and returned the stipulation. On or before June 10, 1966, defendants’ attorney forwarded to plaintiffs’ attorney a similar stipulation extending defendants’ time to June 24,1966, which plaintiffs’ attorney also signed and returned.
The first said stipulation was accompanied by a letter signed by defendants’ attorney reading as follows:
“We regret that we have been unable to get our answer (or notice of appearance) to you before now. We would greatly appreciate the extension of time provided for in the enclosed sitpulation.
“Kindly sign the original stipulation and return the same in the enclosed envelope.
“ Thank you for your courtesy and cooperation.”
*1052 The letter was signed by defendants’ attorney who noted on the bottom “ if necessary to call ” followed by a telephone number in the name of an individual in the office of defendants’ attorney.
The request for these stipulations and the letter constituted a general appearance conferring jurisdiction on the court and requiring a denial of the motion.
Defendants’ attorney waited 63 days before making the motion to dismiss, thus insuring that the Statute of Limitations would run. Although this does not excuse the failure of the plaintiffs to serve a summons with an indorsed complaint or formal complaint, defendants ’ general appearance conferred jurisdiction on the court.
In Patton v. Raybes Realty Corp. (N. Y. L. J. Sept. 12, 1961, p. 9, col. 6) defendant obtained similar stipulations and then after the Statute of Limitations had run moved to set aside and vacate the service of the summons and complaint upon the ground that the defendant had not been personally served with process. The motion was denied on the ground that the obtaining of the stipulations constituted a general appearance validating any improper service of process. Similar is Leone v. City of New York (203 Misc. 73) where the City of New York moved to vacate service on the ground that no proper service had been made. There the summons and complaint were served by registered mail and retained by the defendant for several months, during which period by stipulations on the printed form used by the Corporation Counsel, the time of the city to answer or make any motion with respect to the complaint was extended from time to time until the Statute of Limitations had run. As the court there noted, had the defendants returned the summons promptly or timely moved to vacate the service or to dismiss, plaintiff would have had sufficient time to commence the action by service of a proper summons and complaint. The action of the defendants in neither returning the summons nor moving against it and in obtaining extensions of time at their own request was tantamount to a general appearance (Braman v. Braman, 236 App. Div. 164; Citizens Trust Co. of Utica v. Prescott & Son, 221 App. Div. 426).
The motion is accordingly denied with leave to plaintiffs to serve a formal complaint within 10 days after service of a copy of this order with notice of entry.