Jack J. Danella, J.
Plaintiff moves for an order directing defendant to accept service of plaintiff’s complaint in the above-entitled action or to otherwise move in relation to said complaint. A summons in the above-entitled action was served personally upon the defendant on May 24, 1967. On May 26, 1967, defendant’s attorney served a notice of appearance on plaintiff’s attorney demanding service of a complaint. Some four *404 months later, a formal complaint was served upon defendant’s attorney which complaint was immediately returned upon the ground that it was not timely served.
There are two methods (exclusive of service by publication) by which an action may be commenced in the City Court of Utica. One method is by the service of a summons with the complaint indorsed thereon (UCCA, § 902, subd. [a], par. 1) and the second method is by the service of a summons with the formal complaint attached thereto (UCCA, § 902, subds. [a], [b]). The plaintiff followed neither of these methods and instead used the form of summons in general use in Supreme Court practice which required the defendant to serve a notice of appearance if the complaint was not served with the summons. Such a form of summons was not only erroneous but misleading to the defendant.
The provisions of the CPLR are applicable to the practice and procedure to be followed in the City Court of Utica only when they are not in conflict with the provisions of the UCCA (UCCA, § 2102). Under the CPLR, an action may be commenced by the service of a summons without a complaint (CPLR 304). As stated above, in City Court practice, a complaint must always be served with the summons whether it be a formal or informal one. Because of this, the form of the summons used in City Court must necessarily be different from the form used in Supreme Court.
The form of summons to be used in City Court is to be provided for by rule (UCCA, § 401, subd. [b]) to be adopted pursuant to section 2103 of the UCCA.
Up to the present time, no such rules have been adopted for the City Court of Utica.
Until such rules are adopted, it might be well for the petitioner to use the form of summons adopted by rule in the Second Judicial Department. (Uniform Eules for the City Courts in the Second Judicial Department, rule 3.)
Plaintiff’s claim that it used the summons with the informal complaint indorsed thereon is without merit not only because the wrong form of summons was used, but also because the statement of the nature of the cause of action is insufficient to satisfy the statute. The object of the action is stated to be for ‘ ‘ monies due and owing ’ ’. This is meaningless for it is only in such actions that the informal complaint may be used. Plaintiff should have specified the nature of the cause of action, for example: for goods sold and delivered, for monies loaned, for breach of contract, etc.
*405 The practitioner in the City Courts should bear in mind that the New York City Civil Court Act, the Uniform District Court Act, and the Uniform City Court Act are generally uniform and where the sections of the three acts are similar, the numbering of said sections is the same in the three acts. This permits easy cross reference.
Hence, the commentary and cases reported under a given section in one act would have equal applicability to the counterpart section in the other acts as well, provided the language used in the corresponding sections is identical.
It has been held that where a summons is served without a formal complaint attached thereto, the indorsement of the complaint on the summons is mandatory and one of the essential elements of a summons. (Paskus, Gordon & Hyman v. Peck, 41 Misc 2d 1004.)
Because of all of the reasons stated herein, the summons served upon the defendant was fatally defective and void. Therefore, plaintiff’s action is dismissed.