Shanley N. Egeth, J.
"Beware the indorsed complaint.” Thus might the classic warning of the Shakespearean soothsayer be altered when moving through time and space from the steps of Caesar’s Roman Senate to the corridors of our present day Civil Court.[1] Litigants and practitioners in this court, universally utilizing the simplified, convenient indorsed complaint without even a passing thought or reference to the statute or court rules, are wholly oblivious that it can be "foretold that danger lurks within”.[2]
This serious problem has surfaced on defendants’ motion to dismiss the action herein upon the ground that service of the summons with an indorsed complaint was a nullity, and created an unamendable fatal jurisdictional defect.
FACTS
This action was commenced by plaintiff, acting pro se, by personal service within the City of New York of a summons and indorsed complaint upon both the corporate and individual defendants. The indorsed complaint alleged that it was an action "to recover the sum of $7030.00 for wages and commissions due under a written contract.”
The motion papers disclose that the corporate defendant is an Illinois corporation which opened an office and transacted business in the City of New York. It had not filed the appropriate papers to qualify for authority to do business in New York as a foreign corporation. The individual defendant, president of the defendant corporation, is a resident of Illinois.
Plaintiff alleges that he was hired by the corporate defendant pursuant to a written employment agreement providing for a $2,000 per month salary plus 10% commission on certain transactions consummated by him. He further contends that he was discharged without cause prior to the termination of the employment agreement and that as a result there is due and owing to him salary for a period of three months ($6,000) plus commissions in the sum of $1,030 which defendants have refused or failed to pay. It appears that sometime after service had been effectuated, the defendant’s corporate office in New York City was closed, the defendants returned to Illinois, and neither of them now has a presence in New York.
*238 CONTENTIONS OF PARTIES
Defendants argue that the New York City Civil Court Act and the rules of this court require the service of a formal complaint in this case, and that plaintiffs service of a summons with indorsed complaint is jurisdictionally defective and therefore the action must be dismissed.
The pro se plaintiff claims, in essence, that he has the right to utilize the indorsed complaint; that personal service was properly made in New York City so as to acquire personam jurisdiction over the defendants; that this motion seeks to divest him of his right to a simple, expeditious and inexpensive disposition of his claim by utilization of the pro se procedures made available in New York; and that he should not be required to find the defendants in Illinois and prosecute the action in that jurisdiction.
APPLICABLE LAW
Section 902 of the New York City Civil Court Act (as did its predecessor statute, Municipal Court Code, §§ 19, 78, subd [1]), mandates that in an action commenced in the Civil Court a summons must contain an indorsed complaint upon its face, or be served together with a formal complaint. This section renders inapplicable to the Civil Court the authorized Supreme Court practice of serving a blank summons with notice (CPLR 305, subd [b]), except in cases where service of process is effected by publication (CCA, § 902, subd [b]). These provisions of the Civil Court Act, and the former Municipal Court Code, have been judicially construed to render void and jurisdictionally ineffective any purported service of a summons without any complaint in the Civil Court, or in its predecessor Municipal Court ([re: Civil Court]; Baum v Halperin, 169 NYS 489; Paskus, Gordon & Hyman v Peck, 41 Misc 2d 1004; [re: Municipal Court]; Steffens v Martin, 100 Misc 263).
Section 902 of the New York City Civil Court Act (subd a, par 1) specifically authorizes utilization of an indorsed complaint in an action for money only. Subdivision (d) of the said section expressly provides that the rules of this court may require use of a formal complaint rather than an indorsed complaint in specified types of actions for money only. The rules of this court (22 NYCRR 2900.5 [a]) enumerate a number of types of actions for money only in which a formal complaint rather than an indorsed complaint must be used. An *239 action for commissions is one of the specified types of actions enumerated in the rule as requiring a formal complaint. Subdivision (c) of the very same rule explicitly contains authority to dispense with the requirement of a formal pleading in a case where the party required to serve the pleading appears in person. This subdivision permits the pro se plaintiff to secure such dispensation through the vehicle of an ex parte order prior to service of a summons with an indorsed complaint.
These provisions are discussed and analyzed by Professor David D. Siegel in his Practice Commentary. (McKinney’s Cons Laws of NY, Book 29-A, CCA, § 902, 1975-1976 Supplement, pp 5-7, and in prior versions thereof.) In his analysis of the effect of service of a summons without any complaint or of service of a summons with an indorsed complaint in an action requiring use of a formal complaint, Professor Siegel expresses approval with the case authority holding that service of a summons without any complaint is fatally defective. However, he strongly argues that service of a summons with indorsed complaint in any of the enumerated types of actions requiring the use of a formal complaint should not be considered as fatally defective, but rather should be construed as conferring jurisdiction while rendering the defect curable by amendment.
Professor Siegel’s view has been adopted in a decision by Judge Kaplan of this court in Creative Woodworking Co. v Bohn (44 Misc 2d 369). Subsequent to Judge Kaplan’s decision the Appellate Term, First Department, appears to have adopted a contrary position to that of Professor Siegel and Judge Kaplan. In a case where there was no pro se litigant and service was made outside of the City of New York, the Appellate Term extended the rule applicable to the blank summons cases by holding that service of a summons with an indorsed complaint involving a cause of action requiring the use of a formal complaint was unamendable and jurisdiction-ally defective (Knauer v Long Is. Airports Limousine Serv. Corp., 53 Misc 2d 1017).
THE BASIC CAUSE OF ACTION IS NOT SUBJECT TO 22 NYCRR 2900.5
This pro se plaintiff’s cause of action is essentially one to recover wages claimed to be due under an employment agreement. That portion of his cause of action which seeks commissions is a minor one (only $1,030 out of the total of $7,030). *240 Neither a claim for wages nor an action for breach of an employment agreement falls within the rule requiring the use of a formal complaint. If the $1,030 claim for commissions did not exist, or plaintiff failed to assert it, or abandoned it, leaving only the $6,000 cause of action for wages claimed to be due because of the claimed breach of the employment agreement, there would be no question that the use of a summons and indorsed complaint was perfectly proper and conferred jurisdiction over the defendants. This being the case, it cannot be seriously argued that the addition of a minor secondary claim for commissions in the otherwise properly indorsed complaint would have the effect of invalidating an appropriate pleading in a validly commenced action. If the indorsed complaint alleged two separate and distinct causes of action, rather than lumping them together as plaintiff has done here, the maximum penalty to which plaintiff would then be subjected would be the dismissal of the commission cause of action only.
At the present time our courts are increasingly moving away from blind adherence to technicality and form in a quest to resolve issues of substance, and achieve equity and justice. Since Knauer (supra), our Appellate Term has been moving in this direction in a number of more difficult areas, thereby raising serious doubt as to whether the holding in Knauer would be otherwise determined today (201 East 62nd Apt. Corp. v Tearston, NYLJ, Nov. 12, 1975, p 7, col 1; Teachers Coll. v Wolterding, 75 Misc 2d 465, revd on other grounds 77 Misc 2d 81; Rosgro Realty v Braynen, 70 Misc 2d 808, 810).
Knauer cannot apply to a pro se plaintiff
The holding in Knauer, if it retains current precedential viability, must in any event be restricted to its facts. That case has no applicability to a case commenced by a pro se plaintiff because of the exculpatory provisions of 22 NYCRR 2900.5 (c). Said regulation specifically authorizes a pro se plaintiff to dispense with the requirement of a formal complaint in the causes of action enumerated in 22 NYCRR 2900.5 (a), if an ex parte order is procured therefor. Inquiry to the clerk of the court reveals that such orders are in' fact numerous and routinely obtained in this court. Indorsed complaints so authorized are not subject to jurisdictional attack because of noncompliance with 22 NYCRR 2900.5 (a).
There orders would seem to be comparable in nature to *241 various other types of orders regularly issued by Judges of this court to relieve parties from the consequence of failure to comply with procedural requirements. Similar examples are orders extending time within which to serve a responsive pleading, or granting relief from the requirement for timely filing of a summons and complaint in the office of the clerk of the court. Consistent with the authority granted in CPLR 2004, such orders are frequently issued prospectively or nunc pro tunc to relieve parties from inadvertent or unknowing failure to comply with a procedural, technical or time requirement of a statute or court rule. They are necessary judicial tools to rectify error, avoid unnecessary prolixity and burden upon litigants, attorneys and court personnel, and of greater importance, to achieve equity and justice.
It would be wholly paradoxical to hold that the failure of a pro se plaintiff to procure a timely ex parte order authorizing an indorsed complaint is correctible, and at the same time determine that such failure creates a fatal jurisdictional defect. Accordingly, it must be held that the failure of a pro se plaintiff to procure prior authorization for the service of an indorsed complaint encompassing a cause of action proscribed in 22 NYCRR 2900.5 (a) creates a correctible lapse rather than a noncurable nullification of the action due to jurisdictional defect.
DETERMINATION OF MOTION
For all of the reasons set forth herein, defendants’ motion to dismiss plaintiff’s complaint must be denied. The basic cause of action is not subject to the limitations contained in 22 NYCRR 2900.5 (a), and therefore the use of the indorsed complaint was authorized. If this were not so, this court would sua sponte sign an ex parte order granting this pro se plaintiff leave nunc pro tunc to authorize the service of an indorsed complaint in this action. This determination is made without prejudice to defendants’ rights to make a future application pursuant to the rules of the court to seek an amended formal complaint.
OVERVIEW
The short-form indorsed complaint has won wide acceptance amongst the Bar and litigants in this the world’s busiest court. Its usage facilitates an expeditious, convenient and *242 efficient processing of the court’s business which is beneficial to Bench, Bar and litigants. Other courts in whole or in part are moving towards less technical simplified pleadings.
Experience and observation would seem to indicate that the practicing Bar is overwhelmingly unaware of the proscriptions and limitations contained in 22 NYCRR 2900.5 (a). Rarely does one confront a formal complaint in this court, even in the types of cases in which a formal complaint is mandated under the rule. Equally rare is the motion authorized under the rules to compel substitution of a long-form formal complaint. As a consequence this court is functioning and disposing of its voluminous case load under broad usage and rampant custom which would belie knowledge of any limitation upon the right to utilize the simplified pleading. Rare is the practitioner who suspects that court rules bar the use of the short-form complaint in an action upon an insurance policy, for commissions, for rents, or upon an agreement of guarantee or surety. Even more rare is the practitioner who would suspect the latent danger lurking as a consequence of the Knauer decision.
Widespread application and extension of the holding in Knauer may only serve to obliterate causes of action and substantive rights, greatly increase the volume of motion practice and generally create havoc in the functioning of this court at the expense of justice, simplicity and expedition.
Perhaps the time has come to re-examine 22 NYCRR 2900.5 and re-evaluate its efficacy in light of actual experience and practice. It might be desirable to legitimatize the widespread use of the indorsed complaint by repealing 22 NYCRR 2900.5 (a) and (c) so as to remove all limitations upon the use of such pleading. 22 NYCRR 2900.5 (b) could remain to enable any party to procure an order directing a formal complaint where equitable considerations warrant such relief. At the very least, the rule and/or the statute should be amended to provide that the failure to use the formal complaint where required is not a jurisdictional defect but merely a correctible irregularity.
It is respectfully suggested that the Appellate Divisions in the First and Second Departments, in exercising their function of promulgating our court rules, and/or the Legislature, give consideration to redressing the problem of eliminating the dire danger lurking in the use of the indorsed complaint.

. “Beware the Ides of March.” Shakespeare, Julius Caesar, act I, scene 2, line 18.

. Shakespeare, King Henry VI, part III, act IV, scene 7, line 11.