OPINION OF THE COURT
Bernard M. Herman, J.
This is a motion by plaintiffs for leave to amend the summons and indorsed complaint, nunc pro tunc, by adding thereto a cause of action on behalf of the plaintiff Dolores Shufflebotham.
The plaintiffs’ moving papers show that a cause of action was pleaded only on behalf of the coplaintiff Robert B. Young. The plaintiff Shufflebotham contends that her failure to also plead a cause of action was inadvertent and now seeks to amend the summons, by way of this motion, to include a cause of action on her behalf, almost 16 months after the summons was first served without any indorsed cause of action.
It would appear that on or about October 7, 1977, some 15 Vi months after the said summons was originally served, the plaintiff forwarded by mail to defendant’s attorneys a pur *509 ported amended summons and complaint and that the same was rejected by the defendant’s attorneys by a letter, dated October 24, 1977.
The plaintiff Shufflebotham contends that the failure to originally serve an indorsed complaint on her behalf, together with the summons, does not constitute a jurisdictional defect and that this omission is amendable.
The question before the court is, therefore, whether the summons can be amended to include an indorsed cause of action on behalf of the plaintiff Shufflebotham or whether the failure to plead a cause of action in the first instance renders the service of the summons jurisdictionally defective and, so, incapable of amendment.
The defendant in opposition to the motion contends that the plaintiff Shufflebotham must effectuate proper jurisdiction as against the defendant, which the defendant contends the plaintiff has failed to do by her failure to plead any cause of action against her. The defendant further contends that the said plaintiff has in fact waived any cause of action against her by failing, as aforesaid, to plead a cause of action when the summons was served.
Where no complaint is filed or served and where there is no statement of the nature and substance of the plaintiff’s cause of action indorsed on or annexed to the summons, the court does not acquire jurisdiction by the mere service of the summons itself (Baum v Halperin, 169 NYS 489).
The indorsed cause of action is mandatory and is one of the essential elements of the summons and when the same is lacking, the service of the summons alone confers no jurisdiction upon the court. (See Steffens v Martin, 100 Misc 263.)
The court holds that the service of the summons in this case, without a complaint — either formal or informal — by way of an indorsement, was jurisdictionally defective and void and that the summons is, therefore, not subject to amendment or correction, and this is true even if the defendant knows and is aware of the nature of the action (Paskus, Gordon & Hyman v Peck, 41 Misc 2d 1004; Levin v McGovern, 53 AD2d 1042; Baum v Halperin, supra).
Accordingly, the motion of the plaintiff Shufflebotham to amend the summons by permitting her to add, nunc pro tunc, a cause of action is, in all respects, denied.